736 So.2d 345 (1999)
Virginia Gayle EDWARDS, et al., Plaintiffs-Appellees,
v.
Edward M. DAUGHERTY, Jr., et al., Defendants-Appellants.
No. 98-635.
Court of Appeal of Louisiana, Third Circuit.
June 9, 1999.
*347 Clayton Arthur Larsh David, Reuvan Nathan Rougeau, Samuel B. Gabb, Lake Charles, for Virginia Gail Edwards, etc.
Michael Steven Beverung, Lake Charles, David Wooley, for Wayne McElveen, Sheriff.
David Ross Frohn, Elizabeth Brooks Hollins, Lake Charles, for Sphere Drake Ins., PLC.
BEFORE: DOUCET, C.J., COOKS, and SULLIVAN, Judges.
COOKS, Judge.
The Sheriff of Calcasieu Parish appeals an award of costs rendered against him for his failure to accept the plaintiffs' pre-trial offer of judgment, where the final judgment obtained by the plaintiffs at trial exceeded the offer by more than twenty-five percent. La.Code Civ.P. art. 970. We find that: (1) the plaintiffs' pre-trial offer was not premature; (2) the trial court did not err in deciding the motion for costs while the appeal of the judgment was still pending; (3) the sheriff's liability policy limits could not be used to decrease the final judgment amount for purposes of calculating the twenty-five percent differential required in Article 970; (4) in fixing costs against the rejecting offeree as mandated by Article 970, the trial court had discretion to include the offeror's litigation expenses not specified by statute; (5) the trial court did not err in assessing costs against the sheriff; and (6) the plaintiffs met their burden of proving the costs awarded to them, but the award is reduced by $2,904.30 as a result of apparent duplication of certain line items.
We, therefore, amend the trial court judgment to reflect a $2,904.30 reduction; and, as amended, it is affirmed.

I.

ISSUES
We must decide:
1) whether the plaintiffs' offer of judgment was premature because it was made prior to the close of discovery;
2) whether the application of penalty provisions of La.Code Civ.P. art. 970 was premature because the judgment is not final;
3) whether liability insurance should be considered when the judgment awarded is twenty-five percent greater than plaintiffs' offer;
4) whether the litigation expenses not authorized by statute can be included in the fixing of costs;
5) whether assessing costs against the sheriff after costs were fixed was proper;
6) whether plaintiffs met their burden of proving the costs awarded.

II.

FACTS
This suit arises from a multi-vehicle accident on Davis Road near West Lake, Louisiana in 1993. Several trial dates were set in the matter. Prior to the trial date set in September 1996, the plaintiffs served on June 21, 1996 an offer of judgment upon counsel for the defendants in the amount of $1,200,000. The offer, which was made more than thirty days before the scheduled trial date, was not accepted by the sheriff. Following an April 1997 trial on the merits, the court awarded damages in favor of plaintiffs and against the sheriff in the amount of $1,857,992.40, plus costs and interest.
On August 29, 1997, plaintiffs filed a motion for assessment of costs in the amount of $54,291.91, asserting defendants are liable for these costs as provided by La.Code Civ.P. art. 970(C) because they rejected plaintiffs' settlement offer. A hearing on the motion was held on October 14, 1997. At the close of the hearing on the motion, the court awarded plaintiffs $34,747.82 as costs, which included costs for demonstrative evidence, trial, court *348 fees, deposition expenses, expert witness fees, and medical record expenses.
The sheriff now appeals the award and assigns multiple issues for our review.

III.

LAW AND DISCUSSION

Standard of Review
An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). A two tiered test must be applied in order to reverse the findings of the trial court:
1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Mart v. Hill, 505 So.2d 1120 (La.1987).
Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of fact should not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.

Louisiana Code of Civil Procedure Article 970
We begin by citing in pertinent parts La.Code Civ.P. art. 970, which reads as follows:
Art. 970. Motion for judgment on offer of judgment
A. At any time more than thirty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them....
B. An offer of judgment not accepted shall be deemed withdrawn and evidence of an offer of judgment shall not be admissible except in a proceeding to determine costs pursuant to this Article.
C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.
. . . .
E. For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer.

*349 . . . .
(Emphasis added.)

First Assignment of Error
Essentially La.Code Civ.P. art. 970 provides costs shall be awarded to a plaintiff-offeror whose pre-trial offer is rejected and later exceeded, after trial, by a judgment at least twenty-five percent greater than the offer. In the present case, plaintiffs served a pre-trial offer of judgment upon defendants for $1,200,000.00. The sheriff did not accept the offer. After trial, plaintiffs were awarded judgment against the sheriff for $1,857,992.40, which exceeded plaintiffs' pre-trial offer by more than twenty-five percent. Plaintiffs then filed a Motion for Costs pursuant to Article 970. The sheriff asserts plaintiffs' offer of judgment on June 21, 1996 was premature because it was made prior to the close of discovery, and it was error for the trial court to invoke La.Code Civ.P. art. 970.
At the time plaintiffs' offer was extended, La.Code Civ.P. art. 970 provided: "After the close of discovery, but not later than thirty days before the time specified for the trial of the matter, any party may serve upon an adverse party an offer of judgment...." (Emphasis added.) Hence, the sheriff argues the language limiting the time of the offer to "after the close of discovery" renders the offer premature because discovery continued after the offer was made. At the hearing on the plaintiffs' motion for costs, the trial court stated while additional discovery was needed and trial was continued, the pretrial order issued by him and in effect at the time of the offer specified a discovery deadline that indeed had expired; thus, he found the offer was not premature for the purposes of invoking Article 970.
We note the legislature revised Article 970 in 1997 to remove the language, "[a]fter the close of discovery," replacing it with, "[a]t any time more than thirty days before ... trial...." The record reflects the offer was made in June 1996, and trial was set at that time for September 1996. The offer was served more than thirty days before the scheduled trial date. The 1997 amendment was curative in nature and did not represent a change in the original intent of the redactors when adopting this provision. Threats v. Derousselle, 93-1047 (La.App. 3 Cir. 4/6/94); 636 So.2d 276; Conner v. Conner, 515 So.2d 468 (La.App. 1 Cir.1987). The article clearly states "after the close of discovery, but not later than thirty days" before trial, which ever comes first. The sheriff's first assignment of error is without merit.

Second Assignment of Error
The sheriff contends it was premature, and therefore error, to apply the penalty provisions of La.Code Civ.P. art. 970 because the judgment was not final, noting it had been suspensively appealed in Edwards v. Daugherty, 97-1542. We disagree. The purpose of a suspensive appeal is to suspend the execution or enforcement of a judgment for collection, not to prevent the trial judge from adjudicating costs issues which may arise after judgment. Such a delay would negate the effectiveness and actually defeat the purpose of Article 970, which is to avoid protracted litigation.
At the hearing on the motion for costs, the trial court considered the status of the pending appeal and intimated perhaps it should leave the Article 970 issue for later. However, anticipating an appeal on his ruling on Article 970 and noting it is new legislation without prior judicial interpretation, the trial judge expressed his desire to expedite matters by proceeding and disposing of all appealable issues. More specifically, the trial judge stated, "I'm going to, in looking at 970 I think I probably ought to go ahead and make a rule on it and let you all appeal that too because at least everything will be in [the] court of appeal." The articles of the Code of Civil Procedure are to be construed liberally and given such fair and reasonable interpretation as will effect the object and purpose of the law. La.Code Civ.P. art. 5051. *350 A just construction of Article 970 does not require that we divest the trial courts of discretionary authority to consider this matter soon after judgment is entered, so that all issues in the litigation can proceed toward final resolution.
Moreover, we recently affirmed the trial judge's initial allocation of fifty-five percent fault to the sheriff, and we affirmed his quantum findings. Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99); 729 So.2d 1112. Hence, judicial economy was served when the trial judge decided to hear the Article 970 issues and resolve them while our review was pending. It prevented the necessity of remand and further litigation costs. The sheriff's second assignment of error is without merit.

Third Assignment of Error
The sheriff contends the trial judge erred in not offsetting his liability coverage against the judgment and then taking the excess to determine whether his personal liability exceeded the offer by twenty-five percent. He notes in brief, Sphere Drake's policy provides him a million dollars coverage in this instance, though the record indicates only $750,000 remains to satisfy plaintiffs' judgment. The judgment against the sheriff is $1,857,992.40. Under either scenario, the sheriff urges, the excess is less than the plaintiffs' offer of $1,200,000. We find the sheriffs argument untenable.
Article 970 itself sets forth the elements which we should include when calculating the difference between the rejected offer and the final judgment. Subpart E of the statute provides, for purposes of comparing the amount offered to the final judgment obtained, the final judgment amount should contain any amount obtained as a result of additur or remittitur, but shall not contain amounts awarded for costs, interest, or attorney fees, or any other amount, unless expressly specified in the offer itself. Article 970 unambiguously provides in subpart C that the defendant-offeree shall be condemned to pay plaintiffs' costs if the judgment exceeds the offer by twenty-five percent or more; and it makes no provision in subpart E or any of its subparts for applying credits of any kind, except for the adjustment resulting from remittitur, to the final judgment amount before calculating the twenty-five percent differential.
The language of Article 970 is clear and must be construed according to its plain meaning. Courts are required to give effect to the unambiguously expressed intent of the legislature if the statute's application does not lead to absurd consequences. Moore v. Gencorp, Inc., 93-0814 (La.3/22/94); 633 So.2d 1268. Contrary to the sheriffs contention, we find his interpretation of the statute is inconsistent with the legislature's purpose for adopting it. The applicability or non-applicability of the statute would hinge on the amount of insurance carried by defendants cast in judgment. Such a reading would do little to encourage reasonable settlements before trial. Statutory interpretations that undermine the clear intent and spirit of statutes are impermissible. Palmer v. Louisiana Forestry Comm'n, 97-0244 (La.10/21/97); 701 So.2d 1300. The sheriffs third assignment of error is without merit.

Fourth Assignment of Error
The sheriff contends the trial court erred in fixing as costs litigation expenses not authorized by statute. Plaintiffs' motion sought assessment of costs in the amount of $54,291.91, which they later reduced substantially in open court.[1] The trial judge awarded $34,747.82 for plaintiffs' legitimate litigation expenses which included costs for demonstrative evidence, *351 trial, court cost fees, deposition expenses, expert witness fees, and medical record expenses. Subpart C provides "the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court." (Emphasis added).
While the legislature does not define costs, it grants the court discretion to fix the costs for whatever items it deems fit as long as the court does not award attorney fees. Except for this limitation, the trial court may award any other cost, even if not traditionally awarded heretofore to prevailing parties as allowed by La.Code Civ.P. art.1920. The phrase, "as fixed by the court," indicates an intent to leave the nature of the costs fixed to the court's discretion. Of course, the trial court's award of costs is not without boundary: The particular cost must be reasonable, necessary, and not excessive.
Article 970 is a modified version of Rule 68 of the Federal Rules of Civil Procedure. The U.S. Supreme Court held in Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), "costs" in Rule 68 are those recoverable under Federal Rule 54. Rule 54 refers to the express provision of costs set forth in 28 U.S.C.1920, which are in pertinent part:
(1) Fees of the clerk or marshal;
(2) Fees of the court reporter for ... the stenographic transcript ...;
(3) Fees ... for printing and witnesses;
(4) Fees for exemplification and copies of papers ...;
(5) Docket fees ...;
(6) Compensation of court appointed experts ... [and] interpreters....
The trial judge largely tracked these items in fixing his costs, and we cannot find he was clearly wrong in including other litigation expenses necessary to bring the case to trial after the offer was rejected, such as the offeror's evidence, experts and deposition fees. As stated, Article 970 is punitive, and its function is to compensate the rejected offeror who was forced to incur greater trial litigation costs which could have been avoided if defendant had not acted unreasonably in rejecting the offer. The record indicates the trial judge refused to award certain travel expenses and only awarded $34,747.82 of the $54,291.91 in costs initially requested by the plaintiffs. We cannot find erroneous his inclusion of plaintiffs' other post-offer litigation expenses.

Fifth Assignment of Error
The sheriff contends the trial court erred in assessing costs against him when the court had already fixed the costs. The record contains the Judgment entered by the trial judge following the two-week trial on the merits beginning March 31, 1997. It assesses costs against the sheriff in the amount of $25,490.48 for "all costs of these proceedings" which indicates court costs. Additionally, the court taxed the sheriff and his insurer with a total of $2,550.00 for ten itemized expert witness fees, characterizing them "as additional court costs." The sheriff argues the subsequent award of $34,747.82 for costs under La.Code Civ.P. art. 970 constitutes an improper amendment of a final judgment previously fixing costs. He argues the award alters the substance of the judgment on the merits, which is not permitted under La.Code Civ.P. art.1951 or the cases interpreting it. More specifically, Article 1951 provides a trial court may amend a final judgment at any time, with or without notice, on its own motion or on motion of any party, to: (1) alter phraseology of the judgment, but not the substance; or (2) to correct errors of calculation.
We find that the trial court's additional award of litigation expenses is a permissible post-trial award. La.Code Civ.P. art.2088(10) grants the trial court continuing jurisdiction to "[s]et and tax costs and expert witness fees" after the lodging of an appeal. A motion for judgment on an offer of judgment is an ancillary claim, though dependent on the *352 original demands; and it is not ripe for adjudication before rendition of judgment disposing of the principal suit. The sheriff's fifth assignment of error, thus, lacks merit.

Sixth Assignment of Error
The sheriff contends plaintiffs failed to meet their burden of proving the costs which were awarded to them; and the Article 970 award of costs is duplicative of the award of costs in the Judgment on the merits. Our review of the record indicates nine of the ten names of the expert witnesses fees itemized in the final Judgment do appear in the plaintiffs' bill for Article 970 costs. The only name that does not appear in plaintiffs' bill is Dr. Frank Lopez, for whom the trial judge awarded $300.00. Therefore, the sheriff correctly asserts the $2,550.00 awarded expert fees is duplicative, except for the $300.00 above noted.
While most of the expert fees in plaintiffs' bill for Article 970 costs far exceed the small amounts awarded by the court, most of the dates of the entries coincide with actual trial dates, and earlier dates may be the result of deposition testimony taken for perpetuation and use at trial. Therefore, we reduce the Article 970 award by $2,250.00 for the apparent duplication of expert witness fees. We also reduce the Article 970 award by $654.30, which represents itemized court costs in the plaintiffs' bill, since the trial court apparently awarded all court costs in the final judgment. Accordingly, the award is reduced from $34,747.82 to $31,843.52. We will not disturb it further.
While the sheriff contends the entire award is unsupported by the evidence and cites Breeland v. Kenner, 174 So. 678 (La.App.Orl.App.1937), for the proposition that a mere unsworn statement is insufficient to prove costs, we find the trial court was not manifestly wrong in concluding from the evidence the plaintiffs incurred the asserted litigation expenses after the June 21, 1996 offer. The record contains a fourteen-page itemized bill of costs beginning in August of 1996, a sworn affidavit of plaintiffs' counsel, Mr. Samuel Gabb, and the deposition of the firm's office manager and accountant, Ms. Norma Rogers, explaining the source and nature of the entries for the costs asserted. The trial court is vested with great discretion in awarding costs and an award of costs must be affirmed absent abuse of that discretion. Boutte v. Nissan Motor Corp., 94-1470 (La.App. 3 Cir. 9/13/95); 663 So.2d 154. Moreover, as noted by the plaintiffs, the matter was in litigation for more than three years and set for trial six times. The trial court was intimately familiar with efforts on both sides in preparing the case for trial.

IV.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court on plaintiffs' Motion for Costs pursuant to La.Code Civ.P. art. 970 in all respects except to reduce it from $34,747.82 to $31,843.52 for the apparent duplication of expert witness fees and court costs.
AFFIRMED AS AMENDED.
DOUCET, C.J., DISSENTS AND ASSIGNS WRITTEN REASONS.
DOUCET, C.J., DISSENTING.
I would find that the pre-trial offer was premature under the language of Art.970 as it existed at the time suit was filed. I find the article, as it read at the time suit was filed, applied only to settlement offers made after the completion of discovery and more than thirty days before trial. Further, it appears that the amendment changed the terms of the article so significantly as to make it more than merely curative. Therefore, I would not apply it retroactively. As a result, I respectfully dissent from the majority herein.
NOTES
[1] We note on each occasion when defendant voiced objection in open court to an item of cost listed by plaintiffs, plaintiffs' counsel agreed to remove or forego pursuing the disputed amount. The sheriff's present discontent focuses in globo on "any and all" costs assessed against him pursuant to article 970.