J¿THOMAS F. DALEY, Judge.
The plaintiffs have appealed the amount of the trial court’s assessment of costs. For the reasons that follow, we affirm.
PROCEDURAL HISTORY:
The trial in this matter was held in May 2000 and the jury returned a verdict in favor of plaintiffs. Defendants filed a Motion to Tax Costs pursuant to Code of Civil Procedure Article 970[1]. Plaintiffs opposed the motion and filed their own Motion to Tax Costs. The trial judge denied plaintiffs’ motion and granted the defendant’s Motion to Tax Costs. Plaintiffs appealed the trial court judgment, specifically assigning as error, among other things, the trial court’s failure to award costs to plaintiffs and taxing costs in favor of defendants. This Court affirmed the [¿judgment in favor of plaintiffs and increased plaintiffs’ award.[2] Because the award was increased to greater than twenty five percent of the pretrial offer, this Court reversed the costs awarded to defendants and awarded costs to plaintiffs. Thereafter, the defendants filed with the trial court a Rule to Fix Costs and Expert Fees. Plaintiffs responded with Exceptions of Lack of Subject Matter Jurisdiction and Res Judicata. These exceptions were denied by the trial court and the court awarded $8,507.70 of the $25,955.80 costs requested by plaintiffs. Plaintiffs timely filed this appeal.
LAW AND DISCUSSION:
In their first Assignment of Error, the plaintiffs claim the trial court erred in denying their exceptions and further misinterpreted Code of Civil Procedure Article 2088. That article provides in pertinent part:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal ... Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to
[[Image here]]
(10) Set and tax costs and expert witness fees.
Plaintiffs argue that the matter of costs was reviewable under the appeal, and therefore, the trial court had no jurisdiction to hear the matter of costs. Plaintiffs *645 further argue that the matter of costs was res judicata because the opinion in this court stated “defendants are liable for all costs of trial.” We disagree with the plaintiffs’ arguments on both counts.
An appellate court does not have jurisdiction to set and/or fix costs and fees until after the trial court has done so. Dufour v. Gordon, 98-959 (La.App. 5 Cir. 2/10/99), 729 So.2d 51. When this case was before this Court in the first appeal, |4the trial court had not set the costs and fees as requested by plaintiff. Therefore, this Court could not set the costs and fees on appeal. Because this Court did not set the amount of costs, this Court’s judgment cannot be res judicata on the issue of the amount of costs and expert fees. Accordingly, the trial court correctly denied plaintiffs’ exceptions of jurisdiction and res ju-dicata.
In their second Assignment of Error, plaintiffs contend the trial court abused its discretion in awarding an inadequate amount of costs and expenses.
The trial court is afforded great discretion in awarding costs and an award of costs must be affirmed in the absence of an abuse of discretion. Edwards v. Daugherty, 98-635 (La.App. 3 Cir. 6/9/99), 736 So.2d 345, writ denied 99-2034 (La.9/17/99), 747 So.2d 568. Likewise, the fixing of expert fees is within the discretion of the trial court and that award will not be disturbed on appeal unless there is an abuse of discretion. Robinett v. Silvereagle Transport, Inc., 93-2491 (La.App. 4 Cir. 6/15/94), 639 So.2d 318.
In their memorandum to fix costs, plaintiffs itemized the expert fees and other trial related expenses. Plaintiffs prayed for $25,955.80 in costs and fees and the trial court awarded $8,507.70. The trial judge awarded the full amount of filing fees and the full amount of court reporter and videographer fees requested by plaintiffs except for the court reporter fee for Dr. Clarence Nicodemus. The trial court stated that this court reporter fee was not awarded because this deposition was not admitted into evidence. The trial judge then listed the expert witness fees charged by each expert, taking into account that expert’s specialty and the time of their testimony, and awarded a portion of the amount requested. Plaintiffs brief only specifically discusses the large discrepancy in the award for the testimony of Dr. Nicodemus. The doctor’s fee was $10,962.00 and the court awarded $3,000.00. In its Reasons for Judgment, the trial judge noted that Dr. Nicodemus is a professor and biomechanical engineer who gave a videotaped deposition | ¡¡lasting one hour and thirty-seven minutes, and that his testimony was relied on by this court to increase plaintiffs’ award. The court awarded $600.00 for the deposition (1/£ hours @ $400.00 per hour) and $2,400.00 for preparation (6 hours @ $400.00 per hour), but found the additional 20 hours at $400.00 per hour plus additional expenses to be excessive.
The Reasons for Judgment clearly indicate that the trial judge looked closely at all the costs involved in setting the amount of costs to be recovered. The court reporter’s fee for the transcript of Dr. Nicodemus was correctly not included in the costs, as this transcript was not introduced at trial. Morris & Dickson Co., Inc. v. Jones Brothers Co., Inc., 29,379 (La.App. 2 Cir. 4/11/97), 691 So.2d 882. The trial judge is vested with great discretion in setting expert witness fees. Robinett v. Silvereagle Transport, Inc., supra. We see no abuse of that discretion.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. Article 970 provides in pertinent part:
C. If the judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-of-feree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made as fixed by the court.

. Gunn v. Robertson, 01-347 (La.App. 5 Cir. 11/14/01), 801 So.2d 555.