*289 THIBODEAUX, Chief Judge,
dissenting.
|/To reverse the trial court’s judgment, this court must conclude: (1) that the record contains no reasonable factual basis for the trial court’s finding; and, (2) that the record establishes trial court’s finding clearly wrong. Edwards v. Daugherty, 98-635 (La.App. 3 Cir. 6/9/99), 736 So.2d 345, writ denied, 99-2034 (La.9/17/99), 747 So.2d 568. Thus, even if the appellate court believes its own findings are more reasonable than those of the trial court, it should not substitute its judgment for that of the trier of fact unless it finds the trial court was clearly wrong. Id. Because questions of intent are based on credibility determinations, they are given particularly great deference on review as only the fact-finder can perceive the variations in demeanor and tone of voice. See Rosell v. ESCO, 549 So.2d 840 (La.1989). Furthermore, “appellate courts review judgments, not reasons for judgment.” Bellard v. Am. Cent. Ins. Co., 07-1335, 07-1399 p. 25 (La.4/18/08), 980 So.2d 654, 671 (citing La. Code Civ.P. art. 1918; Burmaster v. Plaquemines Parish Government, 07-1311 (La.8/31/07), 963 So.2d 378).
Here, the majority correctly states the standard of review as manifest error. It explicitly states the burden C & C Self Enterprises, Inc. (C & C Self) needs Uto overcome to prevail in this court, i.e., that the documents and the objective evidence must so contradict the witness’s story or that the story must be so internally inconsistent or implausible on its face that no reasonable factfinder would credit the witness’s story. Yet, the majority actually applies a different standard of review, i.e., sufficiency of evidence. Thus, the majority writes: “[tjhere was no sufficient showing that the plaintiffs age actually played a role....” Thus, the majority, instead of limiting its review to the issue of whether reasonable factual basis for the trial court’s finding exist, assessed “whether the record supports a finding that the plaintiff carried her burden of proof.” Whether the plaintiff carried her burden of proof is for the fact-finder to decide. This court decides whether that fact-finding was manifestly erroneous.
The majority never concludes that the objective evidence contradicts Ms. Montgomery’s story. Neither does it find any inconsistencies in Ms. Montgomery’s testimony. Nevertheless, the majority finds the trial court erred in its credibility determinations.
The majority’s error lies in not reviewing the judgment as it must, but in reviewing reasons for judgment when it must not. Thus, it quotes two pages of the trial court’s reasons for judgment. The majority erroneously conflates the two: “[a] review of the trial court’s judgment reveals that the trial court incorrectly placed a burden on the defendant....” In fact, the judgment makes no such revelation.
From the reasons for judgment, the majority surmises that while the trial court disbelieved the employer’s explanation, it did not believe Ms. Montgomery’s explanation of intentional discrimination. What the majority should have concluded from the judgment the trial court entered in favor of Ms. Montgomery is that she | sproved all the elements of her claim, including the adequate explanation of intentional discrimination.
An appellate court must conduct a review of the record to determine whether it contains a reasonable factual basis for the trial court’s finding. Here, that finding was that C & C Selfs actions were unlawfully motivated. And, in fact, the record contains reasonable factual basis for the trial court’s finding. The most important for the trial court was that there were other, younger employees, managers, who *290 were responsible for the condition of the store. Yet, none of these younger people was fired or disciplined in any manner. Thus, the only person over the age of forty working for C & C Self in Lake Charles who was not even the manager of the store at the time of the store’s allegedly unkempt condition, was disciplined, allegedly for that condition. This fact especially when juxtaposed with that only sixteen out of three hundred and seventy six C & C Selfs employees are over the age of forty, provide a strong inference of invidious discrimination.
Other facts that provided reasonable basis for the trial court’s conclusion include: Ms. Montgomery’s satisfactory job reviews; that the reasons for her termination were devoid of any suggestion that she somehow failed to perform her job duties; that the manager threw in the trash, without consideration, resumes of older applicants; and that C & C Selfs gave pretextual reasons for Ms. Montgomery’s termination after the suit was filed. All of these are reasonably sound.
As the Supreme Court has instructed, it is permissible for the trial court to infer the fact of discrimination from the falsity of the employer’s explanation. Reeves, 530 U.S. 133, 120 S.Ct. 2097. While the showing of pretext does not always carry the plaintiffs burden of proof, we are not dealing with the mere showing of pretext here. As the facts from the record listed above demonstrate, Ms. Montgomery |4showed much more than the employer’s falsity of explanation. Thus, based on those facts and the falsity of the employer’s explanation, the trial court concluded that C & C Selfs actions were unlawfully motivated. Therefore, the record contains a reasonable factual basis for the trial court’s conclusion, and the record does not establish that the trial court’s findings were clearly wrong.
Based on these considerations, I respectfully dissent.