McCLENDON, J.
In this personal injury case, the plaintiff appeals a trial court judgment that denied his request for judgment on an offer of judgment. For the following reasons, we affirm.
RELEVANT FACTS AND PROCEDURAL HISTORY
The plaintiff, Jacobee Lee, graduated from high school in Shreveport in 2009 and accepted a full basketball scholarship to Grambling State University (GSU) beginning in the fall semester of 2009. On August 14, 2009, Jacobee suffered a heatstroke following a mandatory four-mile outdoor disciplinary run called the Tiger Mix around the campus at GSU.[1] The Tiger Mix was part of an unauthorized basketball team practice at the university. After completing the run, Jacobee made it back to the gym, but shortly thereafter lost consciousness. He was hospitalized for two days, after which he was discharged with diagnoses of heat exhaustion and mild rhabdomyolysis, which is the breaking down of skeletal muscle that can be caused by extreme physical activity.[2] Since the Tiger Mix, Jacobee has suffered elevated creatine phosphokinase (CPK) levels and has been diagnosed with depression, anxiety, and post-traumatic stress disorder (PTSD).[3]
*17 On August 6, 2010, Jacobee filed a Petition for Damages against the Board of Supervisors for the University of Louisiana System and GSU (collectively Grambling) for the personal injuries he suffered as a result of the run.[4] Prior to trial, on June 17, 2015, Jacobee served on Grambling an offer of judgment pursuant to Louisiana Code of Civil Procedure Article 970, wherein he offered to settle the matter for a lump sum payment of $ 2,000,000.00, exclusive of interest, costs, and attorney fees. Grambling did not accept the offer of judgment.
On March 23, 2016, following a seven-day trial, the jury held in favor of Jacobee, finding Grambling at fault for his injuries. The jury also awarded Jacobee $ 2,529,229.00 in damages, as follows:
Past and Future Physical Pain and Suffering $ 200,000.00 Past and Future Mental Pain and Suffering $1,000,000.00 Past Medical Expenses $ 15,229.00 Future Medical Expenses $ 24,000.00 Past Lost Wages $ 90,000.00 Loss of Earning Capacity $ 600,000.00 Loss of Enjoyment of Life $ 600,000.00 _____________ Total $2,529,229.00
Jacobee filed a proposed judgment on April 1, 2016. Additionally, on April 4, 2016, he filed a Motion for Judgment on Offer of Judgment and to Tax Costs. On April 4, 2016, Grambling submitted its own proposed judgment. The matters were heard by the trial court on June 14, 2016, and taken under advisement. On September 16, 2016, the trial court denied Jacobee's motion for judgment on offer of judgment and ruled on the motion to tax costs. The trial court also ruled that the judgment on the merits was subject to the State's $ 500,000.00 limitation on general damages.[5] The trial court signed a judgment on February 13, 2017, denying Jacobee's motion for judgment on offer of judgment. On February 13, 2017, the trial court also signed a judgment awarding Jacobee past and future physical and mental pain and suffering, loss of earning capacity and loss of enjoyment of life in the amount of $ 500,000.00; awarding past medical expenses in the amount of $ 15,229.00; awarding past lost wages in the amount of $ 90,000.00; capping future medical expenses at $ 24,000.00, payable through the Future Medical Care Fund; and awarding expert cost and deposition cost in the amount of $ 29,998.50, in addition to all costs of court and legal interest, for a total amount of $ 659,227.50. Additionally, the trial court signed a final judgment on February 13, 2017, in accordance with its rulings.
Thereafter, Jacobee appealed. In his sole assignment of error, Jacobee asserts that the trial court erred when it denied *18 his request for judgment pursuant to a valid offer of judgment pursuant to LSA-C.C.P. art. 970.
DISCUSSION
Louisiana Code of Civil Procedure Article 970 provides, in pertinent part:
A. At any time more than twenty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule ....
B. An offer of judgment not accepted shall be deemed withdrawn and evidence of an offer of judgment shall not be admissible except in a proceeding to determine costs pursuant to this Article.
C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.
* * *
E. For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer.
Article 970 essentially provides that costs shall be awarded to an offeror whose pre-trial offer is rejected and later exceeded, after trial, by a judgment at least twenty-five percent greater than the offer. Held v. Aubert, 02-1486 (La.App. 1 Cir. 5/9/03), 845 So.2d 625, 636. Article 970 is punitive in nature and its function is to compensate the rejected offeror who is forced to incur greater trial litigation costs that could have been avoided if the offeree had not acted unreasonably in rejecting the offer. Id. ; Suprun v. Louisiana Farm Bureau Mut. Ins. Co., 09-1555 (La.App. 1 Cir. 4/30/10), 40 So.3d 261, 266.
Further, statutes that authorize the imposition of a penalty are to be strictly construed. Suprun, 40 So.3d at 266 ; Held, 845 So.2d at 637. A motion for judgment on an offer of judgment is an ancillary claim, though dependent on the original demands; and it is not ripe for adjudication before rendition of judgment disposing of the principal suit. Edwards v. Daugherty, 98-635 (La.App. 3 Cir. 6/9/99), 736 So.2d 345, 351-52, writ denied. 99-2034 (La. 9/17/99), 747 So.2d 568.
In his appeal, Jacobee contends that because the jury awarded $ 2,529,229.00 in damages, the jury verdict obtained against Grambling was at least twenty-five percent greater than the offer of judgment of $ 2,000,000.00, and he is therefore entitled to an award of costs in the amount of $ 81,640.12 under LSA-C.C.P. art. 970.[6] In contrast, Grambling maintains that the trial court correctly denied the motion for *19 judgment on the offer of judgment, as the final judgment signed by the trial court, after the application of the cap on damages, failed to meet the requirements of Article 970.
The Board of Supervisors for the University of Louisiana System and Grambling State University are both constitutional and statutory state agencies of the State of Louisiana, subject to the Louisiana Governmental Claims Act, LSA-R.S. 13:5101 et seq. The Act limits a plaintiffs damages for personal injury at $ 500,000.00, exclusive of property damages, medical care and related benefits, loss of earnings, and loss of future earnings. LSA-R.S. 13:5106B.
In accordance with the Louisiana Governmental Claims Act, the trial court signed its final judgment on February 13, 2017, in the amount of $ 629,229.00. The trial court then determined that the final judgment did not meet the requirements of Article 970 and denied Jacobee's motion for judgment on the offer of judgment. Thereafter, the trial court cast Grambling with all costs of court, legal interest, and expert witness fees and deposition costs, for a total amount of $ 29,998.50 pursuant to LSA-C.C.P. art. 1920.[7]
It is a fundamental principle of statutory interpretation that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9 ; Caldwell v. Janssen Pharmaceutical, Inc., 12-2447 (La. 1/28/14), 144 So.3d 898, 907. The language of Article 970 is clear and must be construed according to its plain meaning. Held, 845 So.2d at 638 ; Edwards, 736 So.2d at 350. The article clearly and plainly refers to a "final judgment obtained against the defendant-offeree." See LSA-C.C.P. art. 970C. The judgment obtained in this matter is in the amount of $ 629,229.00, which obviously was not greater than Jacobee's offer of judgment.[8] Also, Subsection E of Article 970 mandates that for the purposes of comparing the amount offered in the offer of judgment to the final judgment obtained, the "judgment shall consider any additur or remittitur."[9]
Accordingly, we find no error in the trial court's denial of Jacobee's motion for judgment on offer of judgment and affirm the judgment of the trial court.
CONCLUSION
For the foregoing reasons, we affirm the February 13, 2017 judgment of the trial *20 court that denied Plaintiff's Motion for Judgment on Offer of Judgment. Costs of this appeal are assessed to the plaintiff, Jacobee Lee.
AFFIRMED.
Welch J., concurs and assign reasons.
WELCH, J., concurs with reasons.
I respectfully concur with the majority opinion in this matter. While I do not agree, for the reasons set forth more fully in my dissent in the companion appeal, Lee v. Louisiana Board of Trustees for State Colleges, 2017-1431 (La. App. 1st Cir. 3/13/19), 275 So.3d 287 (Welch, J. dissenting), that the jury's award of $ 600,000.00 was subject to the State's limit of $ 500,000.00 for general damages, I find that the amount that the trial court's judgment should have awarded, i.e., $ 1,229,229.00 (plus the award of $ 29,998.50 for the cost of experts and depositions) fails to meet the requirements of La. C.C.P. art. 970. Therefore, the trial court correctly denied the plaintiff's motion for judgment on offer of judgment and its judgment should be affirmed. Thus, I respectfully concur.

For a more complete recitation of the facts, see Lee v. Louisiana Board of Trustees for State Colleges, 2017 CA 1433, --- So.3d ----, also decided this date.

The medical evidence shows that Jacobee suffered a heatstroke rather than heat exhaustion.

CPKs are muscle enzymes. The level of these muscle enzymes rise as the muscle is destroyed. When Jacobee was admitted to the hospital after the Tiger Mix, his CPK level was 651. A normal CPK level is between 35 and the low 200s.

In Jacobee's petition, the Board of Supervisors for the University of Louisiana System was incorrectly identified as the Louisiana Board of Trustees for State Colleges.

In its judgment, the trial court found that past and future physical and mental pain and suffering, loss of earning capacity, and loss of enjoyment of life were all collectively subject to the State's $ 500,000.00 cap on general damages, pursuant to LSA-R.S. 13:5106. The State's limitation on general damages is the subject of the related case of Lee v. Louisiana Board of Trustees for State Colleges, 2017 CA 1431, 275 So.3d 287, also decided this date.

The amount of $ 81,640.12 in costs requested by Jacobee included court costs for filing fees and jury costs, deposition fees, deposition transcript fees, expert fees, courier services, computer services, delivery expenses, research fees, and travel expenses.

Louisiana Code of Civil Procedure Article 1920 provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

Although Jacobee cites to the Held case in support of his argument that the computation in an offer of judgment is calculated by comparing the offer of judgment to the jury award, the judgment signed by the trial court therein, unlike the present matter, was actually in conformity with the damages awarded by the jury. Therefore, we find Held to be distinguishable.

Furthermore, even if we had accepted the $ 1,229,229.00 amount that Jacobee proposed be awarded, which included the $ 600,000.00 jury award for loss of future earnings, and which amount we concluded was subject to the State's limit of $ 500,000.00 for general damages in Lee v. Louisiana Board of Trustees for State Colleges, 2017 CA 1431, 275 So.3d 287, the $ 1,229,229.00 amount would still have failed to meet the requirements of Article 970.