520 So.2d 445 (1988)
Michael L. PARLIMAN
v.
Don KENNELLY, United Fidelity and Guaranty Company and the Sailing Vessel, Mary III.
No. 87-CA-615.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
Rehearing Denied March 17, 1988.
Joseph F. Bishop, Jr., Mandeville, for plaintiff-appellant.
Ashton R. O'Dwyer, Jr., Bruce D. Burglass, Jr., New Orleans, for defendants-appellees.
Before BOWES, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by Michael Parliman, plaintiff-appellant, from a judgment in favor of Don Kennelly and his insurer, United Fidelity and Guaranty Co., defendants-appellees, in a suit arising out of a boating accident. Because we find that the jury was improperly instructed as to the import of the interrogatories, and was thus led to render conflicting answers on the issue of defendants' liability, we set aside the judgment in favor of the defendants. We further find, however, that the conclusion of the jury that Don Kennelly was 15% at fault in causing damages of $116,000, to the plaintiff, was a reasonable assessment of the evidence, and we therefore adopt those findings as the judgment of this court.
On August 6, 1983, Parliman was a guest on Kennelly's 27 foot sailboat. The pertinent rigging on this boat consisted of a mast which was held in place by shrouds, or guy wires, which ran from the mast to the deck. When viewed from the side, these shrouds made the outline of an inverted "V". There were also teak rungs which were attached on either end to the shrouds, and formed a ladder going up toward the top of the mast.
Parliman decided to go swimming in the lake and climbed this ladder to dive off the *446 boat. He reached the sixth rung, and at that point was facing inward toward the center of the boat. He then turned around on the step, thus facing outward, bent his knees, and attempted to dive out over the rail. When he sprang, the force of this action caused the rung to break, and he fell on his head on the deck of the vessel. As a result of this fall, he suffered a compression fracture of a cervical vertebra.
The case was submitted to the jury by way of interrogatories, which were answered as follows:
 1. Was there anything in the defendant's custody
which contained a vice or defect which
created an unreasonable risk of harm to plaintiff?
 Yes______ No &check; 
 2. If your answer to question No. 1 is "yes",
was this vice or defect a cause of the plaintiff's
injury?
 Yes______ No______
 3. Was the defendant, Don Kennelly, negligent
in a manner that was a cause of injury to
Michael Parliman?
 Yes______ No &check; 
 4. Was Michael Parliman negligent in a
manner which contributed to his injuries?
 Yes &check; No &check; 
 5. What percentage of fault, if any, do you
assign to the defendant, Don Kennelly?
 15 % 
 6. What percentage of fault, if any, do you
assign to the plaintiff, Michael Parliman?
 85 % 
 (The percentages of fault in questions 5 and 6
must total 100%).
7. What amount do you find would fairly and adequately compensate Michael Parliman for the injuries sustained?

 A. Past physical pain and suffering,
 if any $10,000
 B. Future physical pain and
 suffering, if any $10,000
 C. Past mental anguish, if any $10,000
 D. Future mental anguish, if
 any $ 0 
 E. Past disability, if any $ 0 
 F. Future disability, if any $ 0 
 G. Past medical expenses, if
 any $21,000
 H. Future medical expenses, if
 any $10,000
 I. Past loss of earnings, if any $40,000
 J. Future loss of earnings, if
 any $15,000
 ________
 TOTAL: $116,000

Numbers 1 through 4, appeared on the first page of the interrogatories, and numbers 5 through 7, on the second page.
When the verdict was returned, it was apparent that the answers to questions 1 and 3, were inconsistent with the answer to number 5, and the general verdict. Counsel for plaintiff moved that the matter be re-submitted to the jury, or that a new trial be granted, pursuant to La.Code Civ.Pro. art. 1813(E). These motions were denied, and instead a verdict in favor of defendants was entered, based on the answers to questions 1 and 3.
Plaintiff now appeals, and urges that the trial judge improperly declined to either re-submit the matter to the jury, or grant a new trial, as per article 1813. He further urges that because it is now impossible to return the matter to the jury, the only available remedy is for this court to order a new trial. Although we agree that the judgment in favor of defendants was improper, judicial economy would not be served by ordering a new trial. Further, for the reasons below, we hold that the answers to interrogatories numbers 5 through 7 are the proper verdict, and render judgment accordingly. Gonzales v. Xerox Corp. 320 So.2d 163 (La.1975).
During deliberation, the jury sent to the court a question asking whether the answers to questions 1 through 4, were totally independent of the answers to questions 5 through 7. The court answered "yes, if the answer to 5 is more than zero, or the answer to 6 is less than 100 percent." This answer was simply wrong. However, the effect of this instruction was to lead the jury to conclude that its finding of "fault" on the part of Kennelly was the only requisite to awarding damages to Parliman. A further effect was to render questions 1 and 3 meaningless in terms of the jury's assessment of fault. In this circumstance we conclude that the only pertinent finding as to fault on the defendants' part is in answer 5. We hold that the trial court should have entered a judgment in plaintiff's favor as per the jury's answers to *447 interrogatories 5 through 7, which we find consistent with the facts of record.
The testimony of plaintiff's expert, Mr. A.J. Macaluso, was to the effect that the rungs of the ladder were too thin and improperly attached to the shrouds. However, both Kenneth Helmrich and Hjalmar Brict, plaintiff's and defendant's respective experts on marine safety, testified that attempting to dive from the ladder was not a proper use of that equipment. Based on this testimony, we conclude that finding Kennelly 15% at fault for the improperly built steps and Parliman 85% at fault for misusing them is proper on the facts of this case. We therefore revise the judgment and hereby enter judgment in favor of plaintiff for 15% of $116,000.
All costs of this appeal are to be shared equally by appellant and appellee.
REVISED AND RENDERED.
GAUDIN, J., dissenting in part with written reason.
GAUDIN, Judge, dissenting in part.
I agree that the interrogatories submitted to the jury were misleading and led to inconsistent responses; i.e., on one hand, the jury could find that the boat-owner was not negligent and on the other hand find that he was 15 per cent responsible for this unfortunate accident. Regardless, the record does not indicate that the boat-owner was in any way responsible. I would find the injured plaintiff 100 per cent at fault in attempting to dive from a ladder neither built nor equipped for that purpose.