# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-590

**MARIA E. PALACIOS, ET AL.**

**VERSUS**

**LOUISIANA & DELTA RAILROAD, INC., ET AL.**

************

**APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 80628
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED.**

**Leonard L. Levenson
Kristine K. Sims
427 Gravier Street, Third Floor
New Orleans, Louisiana 70130
COUNSEL FOR APPELLANT:**
    Maria E. Palacios

**Charles C. Foti, Jr.
Attorney General
Stacey Moak
Special Assistant Attorney General
Post Office Box 77651
Baton Rouge, Louisiana 70879-7651
COUNSEL FOR APPELLEE:**
    State of Louisiana, Department of Transportation and Development

**GENOVESE, Judge.**

This is an appeal from a lower court judgment taxing costs of court against Plaintiff/Appellant, Maria E. Palacios ("Palacios"). For the foregoing reasons, we affirm the judgment of the trial court assessing the entirety of DOTD's court costs to Plaintiff, Maria E. Palacios.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

On September 19, 1994, Palacios filed suit, individually and on behalf of her four (4) minor children, for damages arising out of an automobile/train accident which occurred at the Monnot Road railroad crossing in the city of Jeanerette, Iberia Parish, Louisiana. Named as Defendants were Louisiana & Delta Railroad, Inc. ("LDRR"), Mike Pastor ("Pastor"), Johnny Sonnier ("Sonnier"), Kevin McNemar ("McNemar"), National Security Fire and Casualty Company ("National"), Southern Pacific Transportation Company ("Southern"), the State of Louisiana, Department of Transportation and Development ("DOTD"), the Parish of Iberia ("Iberia") and the City of Jeanerette ("Jeanerette").

Iberia was dismissed from the suit pursuant to a motion for summary judgment. Palacios settled with LDRR, Pastor, Sonnier, McNemar, National and Southern prior to trial. A jury trial began on September 27, 2004, against the remaining Defendants, Jeanerette and DOTD. On September 29, 2004, DOTD moved for a directed verdict. The trial court granted DOTD's motion and dismissed Palacios' case against DOTD, with prejudice "only at plaintiffs' costs" by judgment signed on October 8, 2004.

On October 20, 2004, Palacios filed a motion to amend judgment or, alternatively, motion for a new trial. The trial court denied Palacios' motion on October 28, 2004, specifically noting that "[i]t was the intent of this Court that the costs of court incurred by DOTD be paid by Plaintiff because Plaintiff failed to prove

1

DOTD was liable." Palacios appeals the award of costs.

## LAW AND DISCUSSION

The sole issue on appeal is whether the trial court erred in assessing Plaintiff with DOTD's court costs. Under La.Code Civ.P. art. 1920, "the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." Louisiana Code of Civil Procedure Article 1920 gives a trial court great discretion in taxing court costs in any manner it considers equitable, and the trial court's assessment will not be reversed on appeal in the absence of an abuse of discretion. *Cleland v. City of Lake Charles*, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writs denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645. As a general rule, the party cast in judgment is taxed with costs of the proceedings. *Adams v. Canal Indem. Co.*, 99-1190 (La.App. 3 Cir. 5/10/00); 760 So.2d 1197, *writs denied*, 00-1636, 00-1637, 00-1640 (La. 9/22/00), 769 So.2d 1213.

Palacios contends that the question of whether Monnot Road was a city owned road maintained by Jeanerette, or whether DOTD had custody or control over Monnot Road, remained in dispute since the inception of her suit. Palacios further contends that it took ten (10) years to obtain an admission from Jeanerette that Monnot Road was in its custody and control, and when this admission came to light in the joint pre-trial order presented to the court, Palacios offered DOTD the opportunity to move for a dismissal based on the pleadings without objection. Palacios argues that DOTD remained as a Defendant in this case due to Jeanerette's refusal to admit earlier its responsibility, and that DOTD elected to remain and participate for two (2) days of trial before making an oral motion for directed verdict at the end of Palacios' case. Palacios asserts that in the interest of equity and fairness, she should not have been taxed with all of DOTD's court costs. Palacios asserts the assessment was an abuse

2

of the trial court's discretion because no contradictory hearing was held to argue the issue.

DOTD argues that Palacios' offer to not oppose a dismissal and judgment on the pleadings in favor of DOTD is irrelevant since Palacios could have voluntarily dismissed DOTD at any time, and since ownership of the roadway is not completely dispositive of DOTD's responsibility at railway grade crossings. DOTD further argues that it is uncertain whether a dismissal based upon an unopposed judgment on the pleadings, if granted, would be dispositive of DOTD's liability on appeal, and DOTD had an obligation to the citizenry of the state to litigate and resolve the matter as to the issue of its responsibility for the grade crossing in question.

Reviewing this record, it is apparent that DOTD contested being the party in control of the Monnot Road railroad crossing since the inception of Palacios' suit. DOTD was required to answer, appear and defend against Palacios' allegations at every juncture of these proceedings. Palacios did not dismiss DOTD from the suit and failed to prove her case against DOTD. Lastly, La.Code Civ.P. art. 1920 states costs "may" be taxed by a rule to show cause. This language is not mandatory; thus, the trial court did not abuse its discretion in not requiring a contradictory hearing to review this matter. Palacios had the opportunity to object to the assessment at trial. We do not find a clear abuse of the trial court's discretion in taxing DOTD's costs against Plaintiff.

## DECREE

For the foregoing reasons, the judgment of the trial court assessing DOTD's court costs against Plaintiff, Maria E. Palacios, is affirmed. Costs of this appeal are assessed against Plaintiff, Maria E. Palacios.

**AFFIRMED.**