THIBODEAUX, Chief Judge,
dissenting.
hMy principal disagreement focuses on the manner in which the trial court handled the inconsistent answers on the jury verdict form. The majority concentrates on the law regarding a deficiency in the jury verdict form. That focus is misplaced. The attorney for the plaintiffs conceded during oral argument that the form was approved and was not defective. It is the procedure followed by the trial court which allowed for this inconsistent verdict.
The cases relied upon by plaintiffs, namely, Parliman v. Kennelly, 520 So.2d 445 (La.App. 5 Cir.1988) and Miley v. La. Farm Bureau Cas. Ins. Co., 599 So.2d 791 (La.App. 1 Cir.1992) are not quite on point but are instructive. In Miley, the jury was given instructions on at least two occasions with regard to the inconsistency and the matter was resubmitted to the jury. After this was done, the jury still attributed ten percent fault to one of the tortfea-sors but failed to find that his conduct was a cause-in-fact of the accident. This inconsistency was error. In Miley, the jury was reinstructed twice. Here, the trial judge simply told the jurors to reread the instruction previously given on the jury verdict form after question number 2. In Parliman the jury verdict form was returned with inconsistent answers and had been | ¡.signed, i.e., completed. In this case, the jurors requested guidance on the form before the final signed copy was given to the trial judge. Nonetheless, in both Par-liman and Miley, the answers to the jury verdict form questions were inconsistent. Similarly, the answers in this case were inconsistent, but we are left to wonder whether the jury attributed twenty percent to Jeanerette before answering questions 1 and 2, or whether those questions were decided first by the jury before the assessment of fault.
Upon determining reversible error in the inconsistent answers on the jury verdict form, I would proceed to a review of the propriety of the denial of the JNOY.
The plaintiffs’ expert testified that excessive vegetation obscured the plaintiffs view and the crossing had inadequate signage. There was nothing to show that the uncontradicted testimony of Dr. Dart, the expert, was unreliable. While Johnny Sonnier testified that he could see the plaintiffs vehicle, his testimony did not demonstrate that the plaintiff could see the train. The testimony by the defendant’s witness shows the plaintiffs negligence and the cross-examination of Dr. Dart shows some negligence on the plaintiff. I do not feel, however, that her negligence was one hundred percent and that Jeaner-ette should be completely exculpated. The City of Jeanerette was at least partially at fault, and twenty percent was a reasonable assessment.
For the foregoing reasons, I respectfully dissent.