593 So.2d 727 (1992)
Sheila HEIM, Natural Tutrix for Eugene Johnson
v.
CHEVRON U.S.A., INC., ABC Insurance Company, et al.
No. 91-CA-2449.
Court of Appeal of Louisiana, Fourth Circuit.
January 3, 1992.
*728 H. Edward Sherman, New Orleans, for plaintiff/appellant.
Frederick W. Bradley, Kathleen F. Ketchum, Liskow & Lewis, New Orleans, for defendant/appelleeChevron U.S.A., Inc.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
SCHOTT, Chief Judge.
This is before us on defendant-appellee's motion to dismiss the appeal. The following chronology is pertinent:
May 8, 1991Judgment signed dismissing plaintiff's suit.
May 15, 1991Plaintiff moved for new trial.
June 17Motion for new trial granted by trial court.
June 21Defendant filed motion for trial court reconsideration on rehearing of the order granting the new trial.
June 28Judgment signed rescinding the granting of a new trial with written reasons for this judgment.
July 8Plaintiff filed motion to vacate the June 28 judgment vacating the June 17 judgment.
September 13Trial court denied previous motion for stated reason: "This matter has been fully considered at the trial level."
September 27Plaintiff files a "Notice of Intention to Appeal" as to the September 13 judgment.
October 4Order of appeal signed by trial court.
Defendant contends that the appeal should be dismissed because 1) no appeal lies from the September 13 judgment denying plaintiff's motion to vacate the June 28 judgment; and 2) the appeal was untimely with respect to the May 8 judgment.
In considering appellee's motion we are guided by the principles that appeals are favored and any doubt shall be resolved in favor of maintaining rather than dismissing an appeal.
While the appeal was inartfully taken by plaintiff in that the so called Notice of Intention to Appeal should have been styled a motion or petition for appeal, C.C.P. art. 2121, and the "Notice" referred to the September 13 judgment, the only appealable judgments in the case at any time were the May 8 judgment and the June 28 judgment reinstating the former one after the trial court conducted a new trial for reargument only in accordance with C.C.P. art 1978. Consequently, the order of appeal signed on October 4 concerned the June 28 judgment even though it referred to the September 13 order.
As to the timeliness of the appeal appellee contends that the June 28 judgment was responsive to its June 24 motion for reconsideration of the order granting a new trial and the effect of the order was to deny appellant's motion for a new trial. Under this scenario plaintiff's July 8 motion to vacate the June 28 judgment was without effect because it could only be considered a second motion for a new trial from the judgment of May 8. If these assumptions were true the appeal taken on September 27 would be untimely because the delay for appeal commenced after the first motion for new trial was supposedly denied on June 28. C.C.P. art. 2087. The flaw in this argument is the failure to recognize the real significance of the June 28 judgment.
The trial court's jurisdiction over the May 8 judgment was retained when the court granted plaintiff's motion for a new trial on June 17. A reading of the trial court's reasons for judgment on June 28 readily demonstrates that the court heard and considered reargument, i.e., the court conducted a new trial on reargument without new evidence as authorized by the last sentence of C.C.P. art. 1978. The June 28 judgment, rendered after this new trial was held, was a new definitive judgment in appellee's favor subject to further modification in the trial court pursuant to Chapter 4, Book 2, Title 6 of the Code of Civil Procedure. This is so notwithstanding the trial court's erroneous terminology to the *729 effect that the order granting the new trial was rescinded.
Thus, plaintiff's so-called motion to vacate the June 28 judgment, while inartfully drawn, constituted a timely motion for a new trial from the judgment of June 28, the court's denial of this motion on September 13 constituted the denial of a motion for a new trial, and the order of appeal signed on October 4 was timely.
Accordingly, the motion to dismiss the appeal is denied.
MOTION DENIED.