liLOBRANO, Judge.
Plaintiff, William Gourgues, appeals a trial court judgment denying his request that the City of New Orleans be preliminarily enjoined from taking action to close his business because of alleged fire code violations. We reverse and remand for reasons which follow.
Plaintiff is the owner of a weekly apartment rental business located at 538 North Rampart Street in New Orleans. The property was inspected by the Fire Prevention Division of the New Orleans Fire Department on August 31, 1994. This inspection revealed several life safety violations of the Fire Prevention Code of New Orleans. When these violations were discovered, plaintiff was ordered by letter dated August 81, 1994 to take several steps to correct them, including providing a manual fire alarm system and providing an additional means of egress. Plaintiff was informed by the Chief of Fire Prevention that he had thirty days to correct the violations.
|2The property was reinspected on April 28, 1995[1] and plaintiff received a notice of judgment dated June 21, 1995 which informed him that his case had been adjudicated on May 25,1995 by the Bureau of Administrative Adjudication and that he was found guilty of several fire code violations, including failure to provide a manual fire alarm system and failure to provide an approved second means of egress. Other violations cited in the June 21, 1995 judgment were subsequently corrected by plaintiff.
On June 15, 1995, plaintiffs property was inspected again and by notice of judgment dated July 18, 1995, he was found guilty of three fire code violations and ordered to correct them.[2] Those violations were: 1) provide a manual fire alarm system, 2) provide an approved second means of egress, and 3) have the stairs properly enclosed. The third violation was cited for the first time in the July 18, 1995 judgment. In both the June and July judgments, plaintiff was informed that he was being allowed zero days to correct the violations and that he had thirty days to seek judicial review of each decision in the Civil District Court of Orleans Parish. At the bottom of the July 18,1995 judgment, plaintiff was ordered for the first time to cease operations.
In Civil District Court, plaintiff filed a petition for judicial review of the administrative adjudication of July 18,1995. He sought a suspensive appeal from that ruling, as well as preliminary and permanent injunctions against the City. The sitting duty judge granted plaintiff a suspensive appeal. He also issued ajjtemporary restraining order and set a hearing date for the preliminary injunction request. Bond for the temporary restraining order was set at $1,500.00 and, on the same day, plaintiff furnished same.
Both parties submitted affidavits and other documentation to support and oppose the application for preliminary injunction. Plaintiff argued that a preliminary injunction should issue so that the City would be prevented from closing his business until the merits of his review of the administrative adjudication were determined. Plaintiff argued that the suspensive appeal he took was proper and that the City was not entitled to enforce the administrative adjudication until the issues were litigated.
The City argued that the judgment of June 21,1995 finding violations of lack of a manual fire alarm system and lack of an approved second means of egress gave plaintiff thirty *1025 days to seek judicial review and his failure to timely do so resulted in his waiver of judicial review on those two violations. The City conceded that plaintiffs petition for review was timely as to the violation of failure to properly enclose the stairwell. The City claims that the July 18,1995 judgment merely repeated the same two prior violations of the June 21st judgment which plaintiff had not corrected. The City argues, however, that the July judgment did not allow plaintiff another thirty day period to seek judicial review of those two violations.
The trial judge agreed with the City’s position that plaintiffs request for judicial review was timely only as to the issue of enclosure of the stairwell.[3] The judge denied plaintiffs application as to the other two violations reasoning that the request for review of those issues was untimely. Plaintiff now appeals the 14partial denial of his application for a preliminary injunction. We reverse and remand.
To the extent that the trial judge denied plaintiffs request for a preliminary injunction on the basis of the appeal being untimely, that was error. Appeals are favored in the law and any doubt shall be resolved in favor of maintaining, rather than dismissing an appeal. Heim v. Chevron U.S.A., Inc., 593 So.2d 727 (La.App. 4th Cir. 1992). A person who is aggrieved by an order in an adjudication proceeding can seek review of that order by filing a petition for judicial review in the parish where the agency issuing the order is located. LSA-R.S. 49:964.
The July 18, 1995 judgment is partially duplicative of the June 21, 1995 judgment in that both listed the violations of lack of a manual fire alarm system and lack of an approved second means of egress. These two violations were again listed and adjudicated in the July 18, 1995 judgment. We hold that a new thirty day period for filing a petition for judicial review began on that date. Plaintiff appealed the July judgment because it adjudicates violations against him. Many speculative reasons are given for the duplication of violations. Plaintiff contends they were the result of a new “trial” granted by the administrative body from the June 1995 adjudication. The City, on the other hand, contends that the duplication in the July, 1995 adjudication was merely a followup or review of the violations adjudicated in June. The City argues that it was the result of an assessment of plaintiffs status. Whatever the reason, the July judgment is the one timely appealed and it included the two violations at issue. We conclude that plaintiff cannot be deprived of his right to judicial review because there may haveRbeen a prior adjudication of the same issues. The appeal was timely and it is reinstated.
Although plaintiff sought a preliminary injunction to prevent the City from enforcing its judgment before the merits of the appeal were decided, we question whether that was necessary. Section 2B-10 of the Municipal Code for the City of New Orleans, provides for the appeal of an administrative adjudication. In pertinent part, it states:
“Service of notice of appeal under this subsection shall not stay the enforcement ... of the order or judgment unless the person, prior to filing notices of appeal in the Civil District Court, furnishes to the City for deposit in escrow by the Director of Finance security sufficient to assure satisfaction of the finding of the hearing officer relative to the fine, fee, penalty, costs of the hearing and costs, if any, of correcting the violation. M.C.S. ord. No. 12,6^9 Sec. 2B-10 (emphasis added)
When plaintiff filed for judicial review, the trial judge granted a suspensive appeal. In connection with the temporary restraining order issued at the same time, the trial judge fixed plaintiffs bond at $1,500.00, which was properly furnished. Although the bond is in the form of a personal surety, the record does not evidence any objection on the City’s part. Thus, if that bond meets the requirements of the above quoted ordinance, then, by law, the City is prevented from enforcing its judgment until the merits of plaintiffs *1026 appeal are finally determined.[4] Thus, under that scenario, there would be no need for a preliminary injunction. The trial judge never reached that issue.
However, as we read paragraph eleven of plaintiffs petition, he alleges that “as the sufficiency of the bond has been questioned” the City may take action before the merits of his appeal are heard and thus the necessity of a |6preliminary injunction. As we previously noted, the duty judge did grant a temporary restraining order as to all three violations. However, the merits of the preliminary injunction were never addressed because the trial judge found the appeal untimely. Obviously, if plaintiffs appeal prevents the City’s enforcement of its judgment, then there is no need for a preliminary injunction. However, if plaintiffs bond is deficient, or for any other reason his appeal no longer prevents enforcement of the judgment, then the preliminary injunction request is still viable.
Therefore, we reverse and remand to the trial court for further proceedings. Until such time as the City challenges the sufficiency or adequacy of plaintiffs bond, plaintiffs suspensive appeal precludes enforcement by the City until the merits of the case are determined.
REVERSED AND REMANDED.

. The affidavit of Tom St. Germain, a fire safety inspector for the City, states that plaintiff's property was also inspected on November 4, 1994 and January 26, 1995 and was found to have several violations including the lack of a manual fire alarm system and an approved second means of egress. However, there is no other documentation in the record of these other two intermediate inspections.

. The hearing which led to this judgment was held on July 6, 1995. Gourgues was present at that hearing.

. The trial judge granted a preliminary injunction with respect to that violation.

. The record is unclear whether the personal surety bond was escrowed with the City. That issue will have to be determined on remand.