ORDER

hLANDRIEU, Judge.
Defendants’ motion to dismiss plaintiff’s appeal from the granting of the defendants’ motion for summary judgment is denied.
On March 11, 1996, Agnes Motton commenced an action against the Lockheed Martin Corporation (Lockheed) alleging sexual discrimination under the Louisiana Fair Employment Practices Act[1] and the Louisiana Human Rights Act[2]. Defamation claims were asserted against Danny Bryant, a resident of Louisiana, and Jim Gibson, both Lockheed employees, for allegedly “falsely and maliciously reporting” to other Lockheed employees that Motton had not answered questions correctly during her interview for a promotion. On April 16, 1996, Lockheed filed notice of removal of the action to the United States District Court on the grounds of fraudulent joinder. Lockheed then filed in federal court a Motion to Dismiss and/or for Summary Judgment as to all the discrimination and defamation claims. Motton filed a Motion to Remand. On May 20,1996, Judge Edith Brown Clement denied Lockheed’s motion and summary judgment, granted Motton’s motion, and remanded the case to state court. The federal court found that Lockheed did not establish there was no possibility that the state court could find that Motton had stated a valid claim against the non-diverse defendant, Bryant.
Lockheed then filed motions for summary judgment in state court as to the discrimination claim as well as the defamation claim. On October 30,1996, Judge |2Robin Guarusso denied Lockheed’s motion as to the discrimination claim but granted the motion for summary judgment on the defamation claim and dismissed defendants Bryant and Gibson with prejudice. On November 1,1996, Lockheed filed another notice of removal on the same grounds as before, lack of diversity. Notice of the removal was served on the Civil District Court’s Clerk on November 4, 1996. Motton again filed a Motion to Remand.
On December 19, 1996, Judge Clement denied Lockheed’s Motion for removal and granted Motton’s Motion to Remand. The federal court noted that “a case nonremova-ble on the initial pleadings becomes removable only if the then non-diverse defendant is dismissed from the case by the voluntary act of the plaintiff,” citing Weems v. Louis Dreyfus Corporation, 380 F.2d 545, 546-547 (5th Cir.1967).
However, on November 27, 1996, after Lockheed complied with the federal procedures to remove the case and before the federal court remanded the case to state court, Motton filed a notice for appeal and a judgment was signed by the duty judge. Lockheed now files a motion to dismiss Mot- *8 ton’s appeal because the state court had no jurisdiction at the time that the appeal judgment was signed.
The intent of 28 U.S.C.A. § 1446 is to prevent state and federal courts from sharing jurisdiction over a case and thus avoid jurisdictional conflicts. Therefore, Louisiana courts are divested of jurisdiction once the requirements of the federal removal statute are complied with. Kaplan v. Missouri Pacific Railroad Company, 447 So.2d 489 (La.App. 3d Cir.1984), cert. denied, 449 So.2d 1845 (La.1984). And as a general rule, any action taken by a court without proper subject-matter jurisdiction is an absolute nullity. Bryant v. Pierson, 583 So.2d 97 (La. App. 3d Cir.1991), La.Code Civ. Proc. art. 2002. We do not question the timeliness of Lockheed’s November 1, 1996, notice of removal. It was filed | .^within thirty days of the dismissal of Bryant and within a year of the commencement of the action.
However, the facts in this case convince this Court that dismissing the appeal would create an injustice to Motton. If Motton, who filed an appeal after the judgment was rendered but while a motion for removal was pending, had filed a second appeal a few weeks later after the December 19, 1996, judgment that remanded the case to state court, there would be no question that the appeal was timely and valid. In this case, the day after the state court granted the summary judgment, Lockheed noticed its intent to remove the case to federal court on the same issue as the first time it attempted removal — lack of subject matter jurisdiction. And because the law is very clear that when dismissal is involuntary, removal will not be granted for non-diversity, we can only assume that Lockheed’s notice to remove was to delay Motton’s right to move forward in this ease.
Appeals are favored in Louisiana and any doubt shall be resolved in favor of maintaining rather than dismissing an appeal. Heim v. Chevron U.S.A, Inc., 593 So.2d 727, 728 (La.App. 4th Cir.1992). We do not wish to deny Motton her right to appeal simply because she did not file another notice of appeal after the case had been remanded. This would create an egregiously unfair situation for Motton because the time for Motton to. appeal has now prescribed. Additionally, Lockheed had notice of Motton’s intent to appeal and has shown no prejudice by allowing her to go forward.
There is no Louisiana ease law that deals with the issue at hand, so we shall look to case law from another state for guidance. In Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451, 457 (N.D.1992), the court interpreted 28 U.S.C.A. §§ 1446, 1446(d) that “when the federal court has previously remanded a notice of removal and subsequently denied a second notice of removal by the same party that is based on the same ground, the state court retains jurisdiction.” In the case |4at hand, the second removal was for non-diversity, the same reason for the first removal. Theoretically, Lockheed could have continued to file notices of removal for non-diversity until March 11, 1997. From November 1, 1996, until March 11, 1997, Lockheed could delay Motton from moving forward in her claim because during that time neither court had jurisdiction. The Oklahoma Court of Appeals described the situation as follows:
Looking at the issue from another perspective, that of jurisdiction, one would say that if, upon the filing of a petition for removal, the state court ipso facto loses all jurisdiction and it is later determined that the federal court has no jurisdiction then we have the anomalous phenomenon of litigants being cast into a judicial nether-land, the existence of an action suspended in a jurisdictionless void, a lawsuit in limbo as it were ...
Therefore, under the particular facts and circumstances of the case at hand, we deny Lockheed’s motion to dismiss and allow Mot-ton’s appeal to go forward.

MOTION TO DISMISS DENIED.

BYRNES J., concurs.

. See La.Rev.Stat. 23:1006, etseq.

. See La.Rev.Stat. 51:2231, et seq.