ON MOTION TO DISMISS
It ARMSTRONG, Judge.
Before us are motions addressed only to purely procedural issues. Thus, the merits of this case are not addressed in this opinion. The plaintiffs have filed motions to dismiss the manufacturer-defendants’ appeal in No. 98-CA-0042 and the manufacturer-defendants’ answer to appeal in No. 97-CA-1973. We deny on the merits the motion to dismiss in No. 98-CA-0042 and we deny as moot the motion to dismiss in No. 97-CA-1973 and we order consolidation of numbers 98-CA-0042 and No. 97-CA-1973.
This is a tobacco liability case. The plaintiffs seek class certification. There are two separate groups of defendants. One group, informally referred to as the “distributor defendants,” apparently includes defendants who, under the law of federal diversity jurisdiction, are considered citizens of Louisiana. The other |2group of defendants, informally referred to as the “manufacturer-defendants,” apparently consists entirely of defendants who, under the law of federal diversity jurisdiction are considered not citizens of Louisiana.[1] Apparently the plaintiffs are, under the law of federal diversity jurisdiction, considered citizens of Louisiana.
On April 16,1997, the trial court entered a judgment which (1) granted an exception of no cause of action with respect to only the distributor defendants and (2) certified a medical monitoring class against the manufacturer-defendants. That same day the manufacturer-defendants filed notices of removal to effect a removal of the case to federal court. This was the second time the case had been removed by the manufacturer-defendants. A previous removal had resulted in a remand by the federal court back to the Louisiana state trial court.
On June 23, 1997, the plaintiffs took an appeal from the trial court to this court (No. 97-CA-1973).
On September 22, 1997, the manufacturer-defendants filed in No. 97-CA-1973 both (1) an answer to the plaintiffs’ appeal by which the manufacturer-defendants appealed the trial court’s certification of the medical monitoring class and (2) a motion to dismiss the plaintiffs’ appeal on the purported ground that the removal to federal court divested the trial court of jurisdiction to order the plaintiffs’ appeal and/or divested the trial court of jurisdiction to order the plaintiffs’ appeal and/or divested this court of jurisdiction to hear the plaintiffs’ appeal. On October 8, 1997, another panel of this court, in No. 97-CA-1973, denied the manufacturer-defendants’ motion to dismiss the plaintiffs’ appeal.
|3On December 2, 1997, the federal court remanded the manufacturer-defendants’ removal action back to the (Louisiana state) trial court. On December 8,1997, the manufacturer-defendants appealed the April 16, 1997 judgment (No. 98-CA-0042).
The plaintiffs have now brought a motion to dismiss the manufacturer-defendants’ appeal (No. 98-CA-0042). The issue is whether the manufacturer-defendants’ December 8, 1997 appeal of the April 16, 1997 judgment was timely. We believe that it was timely because the April 16, 1997 removal tolled the running of the time to appeal until the remand of December 2, 1997 and, of course; the appeal was taken only six days later. See Strasser v. KLM Royal Dutch Airlines, 631 F.Supp. 1254 (C.D.Cal.1986); Hartlein v. Illinois Power Co., 151 Ill.2d 142, 176 Ill.Dec. 22, 601 N.E.2d 720 (1992); General Electric Credit Corp. v. Smith, 484 So.2d *1020 75 (Fla.App.1986), Brogdon v. Ruddell, 717 S.W.2d 675 (Tex.App.1986).[2]
The plaintiffs argue that, because the April 16, 1997 removal to federal court was the second removal by the manufacturer-defendants, the remand did not toll the time for the manufacturer-defendants to appeal the April 16, 1997 judgment. The plaintiffs rely on Motton v. Lockheed Martin Corp., 97-0204 (La.App. 4 Cir. 3/19/97), 692 So.2d 6, for their argument. We do not believe that Mot-ton supports the plaintiffs’ argument.
In Motton, after dismissal of the defendants who were citizens of Louisiana, the remaining defendant removed the case to federal court. That was the second [.¡removal in that action with the first removal having ended in a remand. The second removal also ended in a remand. But, after the second removal, and before its remand, the plaintiff took an appeal to this court. After the second remand, the defendant moved to dismiss the plaintiffs’ appeal on the purported ground that, because of the removal, the (Louisiana state) trial court had no jurisdiction to grant the appeal. Another panel of this court denied that motion.
The plaintiffs’ focus on Motton’s quotation from a North Dakota decision which states that “when the federal court has previously remanded a notice of removal and subsequently denied a second notice of removal on the same ground, the state court retains jurisdiction.” 692 So.2d at 8 (quoting Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451, 457 (N.D.1992)). Thus, the plaintiffs in the present ease argue that the trial court retained jurisdiction despite the removal and, therefore, the time for appeal of the April 16, 1997 judgment was never tolled.
However, our reading of Motton reveals first, that the Motton court was very concerned that there not be a dismissal of an appeal under the peculiar facts of that case. The Motton court specifically stated that “the facts of this case convince this Court that dismissing the appeal would create an injustice to [the appellant].” 692 So.2d at 8. The Motton court followed the well-established rule that: “appeals are favored in Louisiana and any doubt shall be resolved in favor of maintaining rather than dismissing an appeal.” Id. In contrast, the plaintiffs in the present case cite Motton in support of dismissal of an appeal. Second, the Motton court recognized that the “general rule” is that removal divests the state court of subject matter jurisdiction and makes an action of the state court after removal (and before remand) “an absolute nullity.” Id. It was only “under the particular facts and circumstances of the case at hand” that the Motton court denied the ^motion to dismiss the appeal in that case. Id. Third, the Motton court stated that if the appellant in that case “had filed a second appeal a few weeks later, after the December 19, 1996 judgment that remanded the ease to state court, there would be no question that the appeal was timely and valid.” Id. In the present case, the manufacturer-defendants did exactly that — they filed an appeal after the remand. In sum, we do not believe that Motton supports the motion to dismiss in No. 98-CA-0042.
As the manufacturer-defendants’ answer to appeal in No. 97-CA-1973 is directed at exactly the same issue as their appeal in No. 98-CA-0042, i.e. the April 16,1997 judgment’s certification of a medical monitoring class, and we have decided against dismissing the appeal in No. 98-CA-0042, the motion to dismiss the answer to appeal in No. 97-CA-1973 is moot. Instead, we will order consolidation of No. 97-CA-1973 with No. 98-CA-0042.
For the foregoing reasons, the motion to dismiss appeal is denied and we order No. 97-CA-1973 and No. 98-CA-0042 consolidated.
MOTION TO DISMISS DENIED; CONSOLIDATED WITH NO. 97-CA-1973 AND NO. 98-CA-0042.
WALTZER, J., concurs in the result with reasons.

. The manufacturer-defendants state that the term "manufacturer” is a misnomer as to some of them but, solely for the sake of consistency with the briefs and the trial court record, we will also use the term "manufacturer” defendants.

. Articles 2123 and 2087 of the Louisiana Code of Civil Procedure recently were amended to provide that the delay for appeal is interrupted by removal and commences anew on remand. 1997 La. Acts 609. We need not decide the retroactivity of the amendment because, even in the complete absence of the amendment, we would be persuaded by the authorities cited in the text above.