liWALTZER, Judge,
concurring.
I agree with the majority that the appeal of the manufacturing defendants in 98-CA-0042 is timely. I write separately because I disagree with the majority’s analysis of Motton v. Lockheed Martin Corp., 97-0204 (La.App. 4 Cir. 3/19/97), 692 So.2d 6. This Court clearly held in Motton that when the federal court has previously remanded a notice of removal and subsequently denied a second notice of removal by the same party that is based on the same ground, the state court retains jurisdiction. Under the facts of the instant ease, Motton would require a finding that the trial court’s jurisdiction had not divested and therefore the manufacturing defendants’ appeal was untimely.
I concur in the result because Act No. 609 of 1997 amended La.C.C.P. arts. 2087(D) and 2123(C) to provide that the time within which to take a devolutive or suspensive appeal is interrupted for all parties upon the filing of a notice of removal in a district court of the United States, pursuant to the provisions of 28 U.S.C.A. § 1446, and commences anew on the date the proceeding is remanded. The statute does not provide an exception for subsequent removal attempts based on the same grounds. This procedural law is properly applied retroactively. The manufacturing defendants’ notice of appeal in No. 98-CA-0042 was filed within the statutory delay following remand and is thus timely.