JUDE G. GRAVOIS, Judge.
| ¿Plaintiff, Hacienda Construction, Inc. (“Hacienda”) appeals the trial court’s April 29, 2009 judgment on a Motion for Judgment on Offer of Judgment taxing Hacienda with certain costs and fixing the defendant’s costs. For the following reasons, we affirm.

PROCEDURAL HISTORY

The following statement of the case is taken from Hacienda’s first appeal in this matter:
*335 This litigation involves the property located at 670 Rue St. Michael, lot 165, in the Concord Estates subdivision in Terrytown, Louisiana. Hacienda sold this property to the defendants, Welton and Jacqueline Newman, and began constructing a home on the property for the Newmans. The construction of the home was near completion when Hurricane Katrina struck on August 29, 2005. In this lawsuit, Hacienda claims that the hurricane caused damage to the house, including the roof, garage door, stucco, soffit, and fascia, and that Hacienda promptly repaired the damage because the Newmans’ | .¡mortgage lender would not have permitted final payments to Hacienda under the construction loan agreement if the property had been left damaged. In its petition, Hacienda claims that the cost of the repair work was $13,812.72, but the Newmans failed to pay Hacienda the amount due. The Newmans answered the lawsuit with a general denial of the claims against them, and they filed a Third Party Demand against their insurer, State Farm Insurance Company (“State Farm”). State Farm settled this matter with the Newmans and was dismissed from this lawsuit on October 15, 2008.
Trial of this matter was held on March 19, 2009. On March 20, 2009, the trial judge rendered a judgment in favor of Hacienda in the amount of $5,060.72 for the costs of the construction work. In his reasons for judgment, the trial judge indicated that he believed Hacienda only proved part of its claim by a preponderance of the evidence. Specifically, the trial judge found that the evidence did not show that Hacienda performed the roof work it claimed or the stucco repairs. Plaintiffs exhibit 16 is a list of the repairs Hacienda claims it performed, and the cost of each. The trial judge awarded Hacienda the following amounts charged: $767.00 for removal and replacement of wet insulation, $1,265.72 for interior trim and doors, $948.00 for labor to change the damaged interior trim, $575.00 for labor and material to replace garage side door, $525.00 for labor and material for the fascia and soffit, and $980.00 for sheet-rock work, for a total award of $5,060.72.
On April 2, 2009, the Newmans filed a “Motion for Judgment on Offer of Judgment,” asserting that, in accordance with LSA-C.C.P. art. 970, Hacienda should be cast with all costs of the litigation incurred after the July 22, 2008 offer of judgment, in which the Newmans offered Hacienda $11,000.00, inclusive of costs, interest, and attorney fees, in order to settle the case. Hacienda filed a memorandum in opposition to this motion. On April 30, 2009, the trial judge granted to the Newmans’ “Motion for Judgment on Offer of Judgment,” and taxed the Newmans with all costs of the proceedings incurred prior to July 23, 2008, and Hacienda with all costs incurred as of July 23, 2008. The trial judge set Hacienda’s costs to be paid by the Newmans as $493.50, and the New-mans’ costs to be paid by Hacienda as $1,407.86. The trial judge also set the amount of interest owed to Hacienda as $811.55.
On March 30, 2009, Hacienda filed a Motion for Devolutive Appeal seeking to appeal the March 20, 2009 judgment, and this motion was granted by the trial judge on April 21, 2009.
Hacienda Const., Inc. v. Newman, 09-506, p. 2-3 (La.App. 5 Cir. 11/24/09), 28 So.3d 490, writ denied, 09-2811 (La.3/5/10), 28 So.3d 1012.
In the first appeal, Hacienda argued the trial court erred in awarding costs in the April 30, 2009 judgment. This Court found the April 30, 2009 judgment was *336 |4not properly before this Court because in its Motion for Devolutive Appeal filed on March 30, 2009, Hacienda only appealed the March 20, 2009 judgment. Id at p. 5. For this reason, this Court did not address Hacienda’s assignment of error relative to the April 30, 2009 judgment.
On December 11, 2009, Hacienda filed a Motion and Order for Devolutive Appeal requesting an appeal from the April 30, 2009 Judgment on Offer of Judgment. This motion was granted by the trial court on December 22, 2009.
In their reply brief file in this appeal, the Newmans argue Hacienda’s appeal is untimely. They contend that although Hacienda stated in its Motion and Order for Devolutive Appeal that no notice of signing of judgment was mailed for the April 30, 2009 judgment, Hacienda had actual notice of the judgment as evidenced by Hacienda’s act of attaching a copy of the judgment to its brief in its first appeal.
This appeal stems from a case filed in Second Parish Court for the Parish of Jefferson. Pursuant to La. C.C.P. art. 5002, the delay for an appeal from a judgment rendered by a parish court is ten days. This time period commences upon receipt of notice of judgment rather than upon mailing of said notice in cases wherein such notice is necessary. Myles v. Turner, 612 So.2d 32, 35, (La.1993). Notice of the signing of a final judgment in cases in parish courts shall be given as required by La. C.C.P. art. 1913. Article 1913 A provides as follows:
Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.
The appellate record from Hacienda’s first appeal was submitted as an exhibit in the instant appeal. That record is void of any notice of mailing of judgment for the April 30, 2009 judgment. While we agree with the Newmans that Hacienda obviously had actual notice of the April 30, 2009 judgment at some time |sbefore it filed its appellate brief in the first appeal, we decline to hold that actual notice of the judgment prevails over the plain wording of La. C.C.P. art. 1913, which clearly requires that the clerk of court mail notice of the signing of a final judgment to the counsel of record for each party. See, Jackson v. Julien, 01-1024 (La.App. 4 Cir. 9/25/02), 828 So.2d 1147; Johnson v. East Carroll Detention Center, 27,075 (La.App. 2 Cir. 6/21/95) 658 So.2d 724. Appeals are favored in the law and any doubt shall be resolved in favor of maintaining, rather than dismissing an appeal. Gourgues v. City of New Orleans, Dept. of Health, 95-2190 (La.App. 4 Cir. 3/14/96), 671 So.2d 1023, 1025. Thus, given the record before us, we find Hacienda’s appeal of the April 30, 2009 judgment to be timely.

ASSIGNMENT OF ERROR

In its only assignment of error, Hacienda argues that the trial court erred in rendering a Judgment on an Offer of Judgment taxing it with costs without holding a contradictory hearing. Hacienda further argues that the trial court erred in assessing it with legal case expenses, expert witness investigation, and a reduction in legal interest payable in connection with the judgment when the offer of judgment includes an allegation of fraud and accepting the offer would have constituted a stipulation by Hacienda that it was a party to fraud against an insurance company. We find no merit to Hacienda’s arguments.
The record indicates that on July 22, 2008, the Newmans made a written offer *337 to Hacienda pursuant to La. C.C.P. art. 970 to settle all claims in this matter for $11,000. This offer was rejected by Hacienda and the matter proceeded to trial. After Hacienda was awarded $5,060.72, the Newmans filed the Motion on Judgment of Offer of Judgment to tax and fix costs and interest under the provisions of La. C.C.P. art. 970. Subsection C of this article provides that if a 16final judgment obtained by a plaintiff-offeree is at least 25% less than the amount of the offer of judgment made by the defendant-offeror, the offeree must pay the offeror’s costs, exclusive of attorney’s fees, incurred after the offer was made, as fixed by the court. These costs refer to costs of litigation, including court costs. Held v. Aubert, 02-1486, (La.App. 1 Cir. 5/9/03), 845 So.2d 625, 638. Further, the court may include litigation expenses necessary to bring the case to trial after the offer was rejected, which may include the offeror’s evidence, experts, and deposition fees. Edwards v. Daugherty, 98-635 (La.App. 3 Cir. 6/9/99), 736 So.2d 345, 351.
The trial court taxed the Newmans with all costs of the proceedings incurred prior to July 23, 2008, and Hacienda with all costs incurred as of July 23, 2008. The function of Article 970 is to compensate the rejected offeror who was forced to incur greater trial litigation costs than he would have if the offeree had accepted his settlement offer. The article is punitive in nature and therefore must be strictly construed. Crawford v. United Service Auto. Ass’n, 03-2117 (La.App. 1 Cir. 3/24/05), 899 So.2d 668, 671. Based on the above jurisprudence, we find no error in the trial court’s judgment taxing Hacienda with costs after the date it rejected the New-mans’ offer.
Louisiana Code of Civil Procedure Article 1920 gives a trial court great discretion in taxing court costs in any manner it considers equitable, and the trial court’s assessment will not be reversed on appeal in the absence of an abuse of discretion. Cleland v. City of Lake Charles, 02-805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, 697, writs denied, 03-1380, 03-1385 (La.9/19/03), 853 So.2d 644, 645. Further, La. C.C.P. art. 1920 states costs “may” be taxed by a rule to show cause. Given the permissive rather than mandatory language in the code article, we find that there was no abuse of discretion by the trial court in awarding costs in the 17instant case without a contradictory hearing. See, Palacios v. Louisiana & Delta Railroad, Inc., 2005-590 (La.App. 3 Cir. 12/30/05), 918 So.2d 561, 563.
Finally, we find no merit to Hacienda’s argument that the offer of judgment includes an allegation of fraud and accepting the offer would have constituted a stipulation by Hacienda that it was a party to fraud against an insurance company. Hacienda sought to recover $13,812.72 to repair damages from Hurricane Katrina. The trial court found insufficient evidence of repairs in this amount and that finding was affirmed by this Court on appeal. Additionally, the letter representing the New-mans’ offer to settle indicates that Hacienda was trying to recover 25% overhead and profit for these repairs. Hence, we find no evidence to support Hacienda’s argument that accepting the offer to settle would have required that Hacienda stipulate to fraud.

CONCLUSION

For the foregoing reasons, the April 30, 2009 judgment of the trial court is affirmed. Hacienda is to pay all costs of this appeal.

AFFIRMED.