MARC E. JOHNSON, Judge.
^Defendants, DaMetry Store, L.L.C. and Nautilus Insurance Company, appeal the trial court’s refusal to assess all costs of litigation to plaintiffs, Martha Carcamo and Juan Carcamo, after plaintiffs lost their case at the conclusion of a three-day jury trial. For the reasons that follow, we affirm the trial court’s ruling.
In December 2008, plaintiffs filed suit against Raw Bar, Inc. d/b/a Acme Oyster House[1] and its insurance company, Nauti *938 lus (collectively referred to as “Acme”), seeking damages for personal injuries Mrs. Carcamo sustained in a December 2007 slip and fall accident on Acme’s premises. Plaintiffs alleged that Mrs. Carcamo slipped and fell on a wet floor when exiting the restaurant. They asserted Acme was negligent in failing to maintain the area in a safe condition, failing to remove hazards, and failing to warn of a dangerous condition.
The matter proceeded to trial in February 2011. After a three-day trial, the jury returned a verdict in favor of Acme. In answering the jury interrogatories, the jury specifically found plaintiffs failed to prove the condition at issue presented an | ¡¡unreasonable risk of harm, failed to prove the risk of harm was foreseeable, failed to prove Acme had actual or constructive notice of the alleged defect, and failed to prove Acme did not exercise reasonable care. Plaintiffs subsequently filed a motion for judgment notwithstanding the verdict and, alternatively, a motion for new trial, both of which were denied by the trial court in May 2011.
Thereafter, in December 2011, Acme filed a Rule to Show Cause seeking a judgment against plaintiffs for costs and expert fees in the amount of $14,509.45 under La. C.C.P. arts. 970 and 1920. In support of its position, Acme submitted various exhibits including an offer of judgment for $15,000, which it made to plaintiffs in July 2009. Acme alleged plaintiffs never responded to the offer of judgment. Acme also submitted a letter sent to plaintiffs dated November 2011, itemizing costs it deemed owed as a result of the judgment rendered in Acme’s favor and the offer of judgment.
After a hearing on the Rule to Show Cause, the trial court denied Acme’s request for the taxing of costs. The trial court explained:
The Court did preside over this case and I am fully aware of the aspects of this litigation, including the Motion for Summary Judgment that was filed by the Defendants which was denied because the Court felt that there were still issues of material fact remaining concerning liability.
I remember this case distinctly. Ms. Carcamo sat in the back of the courtroom. She was suffering from Alzheimer’s. In addition, there was an interpreter present during the entire trial.
Considering the fact that the medical cost exceeding [sic] $65,000 according to the Plaintiffs and only $15,000 was offered to settle this case, I can’t agree with your argument, Mr. Sanchez, regarding the fact that you attempted to settle this case and there was no resolution as far as settlement and the fact that you were forced to try this case.
I don’t, I didn’t feel like it was a frivolous case. I think the case may have had merit. The jurors decided in favor of the Defendants. You guys won at trial. Now, you’re trying to come back and get cost from the Plaintiffs. I think it’s a bit much so I’m going to deny your Rule to Show Cause for costs of these proceedings.
^Louisiana Code of Civil Procedure Article 970 provides for the payment of costs when an offer of judgment has been made and rejected. The purpose of Article 970 is to compensate the rejected offeror who was forced to incur greater trial litigation costs than he would have if the offeree had accepted his settlement offer. Hacienda Construction, Inc. v. Newman, 10-18 (La.App. 5 Cir. 6/29/10), 44 So.3d 333, 337. Article 970 is punitive in nature and, therefore, must be strictly construed. Id.
*939 Article 970 is modeled on Fed.R.Civ.P. 68. In Delta Air Lines, Inc. v. August, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the United States Supreme Court held that Fed.R.Civ.P. 68 did not apply to a case in which judgment is entered against the plaintiff-offeree and in favor of the defendant-offeror. The Supreme Court noted that the language of Rule 68 indicated it applied only when a judgment is obtained by the plaintiff as opposed to rendered against the plaintiff.
In reaching its decision, the Supreme Court explained that the purpose of Rule 68 is to encourage the settlement of litigation. It noted that while the adverse consequences of potential defeat provide both parties with an incentive to settle in advance of trial, Rule 68 provides an additional incentive to settle those cases in which the plaintiff has a strong probability of obtaining a judgment but the amount of recovery is uncertain. It explained that if the plaintiff rejects a Rule 68 settlement offer, he loses some benefits if his recovery is less than the offer. The Supreme Court noted that because costs are usually assessed against the losing party, Rule 68 would provide little additional incentive if it were applied when the plaintiff loses. August, 450 U.S. at 352, 101 S.Ct. at 1150.
In Cotton v. Delta Queen Steamboat Co., Inc., 09-736 (La.App. 4 Cir. 1/6/10), 36 So.3d 262, 272, the Fourth Circuit relied on August and determined that La. C.C.P. art. 970 likewise did not apply when a defendant-offeror prevails over a plaintiff-offeree. As such, the court upheld the trial court’s denial of the defendant-offer- or’s motion for litigation costs subsequent to its offer of judgment made pursuant to Article 970, noting that the defendant had prevailed over the plaintiff.
The language of Article 970(C) clearly states that it applies only if a final judgment is obtained by the plaintiff against the defendant, regardless of who is the offeror or the offeree. In this case, the Careamos never obtained a judgment against Acme, but rather Acme obtained a judgment against the Careamos. Guided by the United States Supreme Court’s ruling and rationale in August, and agreeing with our brethren of the Fourth Circuit in Cotton, we find Acme was not entitled to judgment ordering the Careamos to pay costs after an offer of judgment under La. C.C.P. art. 970.
Acme also sought costs under La. C.C.P. art. 1920, which states, “[e]x-cept as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” Special statutes enumerate the expenses that may be taxed as costs. See La. R.S. 13:4533 and 13:3666. While it is the general rule that the party cast in judgment should be taxed with costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems equitable, even against the party prevailing on the merits. Saunders v. Hollis, 44,490 (La.App. 2 Cir. 8/19/09), 17 So.3d 482, 485-86, unit denied, 09-2221 (La.12/18/09), 23 So.3d 945. The trial court has great discretion in awarding costs and a trial court’s assessment of costs |fican be reversed only upon a showing of abuse of discretion. Hacienda Construction, Inc. v. Newman, 44 So.3d at 337.
The trial judge declined to assess costs against plaintiffs in this ease. In doing so, the trial judge explained her reasons which we set forth above. While we recognize that generally the prevailing party is not assessed costs unless he incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against him, the trial judge has great discretion in this regard. *940 Although we do not find, from our review of the designated record before us, that defendants incurred additional costs pointlessly or engaged in other conduct justifying the assessment of costs against them, the trial judge can assess costs on her discretionary authority alone. See Lee v. Constar, Inc., 05-688 (La.App. 5 Cir. 2/14/06), 921 So.2d 1240, 1254, writ denied, 06-880 (La.6/2/06), 929 So.2d 1263. After review, we do not find the trial judge abused her discretion in refusing to assess costs against plaintiffs in this case.

DECREE

For the foregoing reasons, we affirm the trial court’s denial of DaMetry Store, L.L.C. and Nautilus Insurance Company’s rule to show cause denying costs. Each party is to bear their own costs for this appeal.

AFFIRMED

. Defendant, DaMetry Store, L.L.C., was improperly named in the lawsuit as Raw Bar, Inc.