PETERS, J.,
concurs in the result and, assigns reasons.
[TI join to form the majority in this protracted litigation, but assign additional reasons to reflect that while I find the evidence sufficient to support the judgment on all issues except the Gum Cove property and the interest issue, this matter raises additional issues. However, despite their presence, they do not affect the outcome suggested in the majority opinion.
This litigation began in 2006, and the underlying family relationships have generated the intensely personal animosity which gave rise to the judgment of the trial court now before us. The evidence was adduced at the two-day trial on the merits held on April 1, 2013, and August 1, 2013; and Alan Kite participated in the April 1 proceeding, but as explained in the majority opinion, declined to participate in the August 1 proceeding. His failure to participate resulted in a proceeding more resembling a default judgment confirmation than a contested trial on the merits.
12In considering the matter on the merits, I do note that in the judgment recorded on December 16, 2013, the trial court stated that it reached its judgment by considering, among other things, “the pri- or summary judgment rulings by [the trial court], and the evidence submitted in support and opposition thereto!.]” I find nothing in the record that suggests the summary judgment proceedings were offered into evidence at trial. That being the case, to the extent the trial court relied on any evidence introduced at the summary judgment hearing, such reliance was error. Additionally, such a proceeding does not provide for the confrontation and cross-examination allowed at a trial on the merits. Even if the summary judgment proceedings had been introduced at the trial on the merits, the trial court could not have considered anything other than the undisputed findings of fact generated therein. La.Code Civ.P. art. 966(B). The trial court also noted in the judgment that it also considered this court’s opinion resulting from the summary judgment proceedings as set forth in Kite v. Kite Bros., 11-334, 11-335 (La.App. 3 Cir. 10/5/11), 74 So.3d 1266, writ denied, 11-2436 (La.1/13/12), 77 So.3d 966. While a trial court can take judicial notice of a prior judgment, the opinion of this court was an appeal of the aforementioned summary judgment proceeding and any consideration of those proceedings would be limited as well. La.Code Civ.P. art. 966(B).
Despite the trial court’s error in considering the summary judgment; proceedings, I concur in the result set forth in the majority opinion because the factual rec *1199 ord we are allowed to consider supports the majority affirmation of everything except the award for the Gum Cove property and the date interest is to run on the attorney fee award. With regard to the Gum Cove property, the majority opinion correctly concludes that Mr. Kite’s testimony, standing alone, was not Insufficient to establish the elements necessary to prove payment of a thing not due, detrimental reliance, or unjust enrichment. See La.Civ.Code art. 1846.
I do, however, disagree with the analysis concerning the jurisdictional issue as set forth in the majority opinion. Without commenting on the effective date of the remand, the majority opinion finds that the federal judge’s August 1, 2013 oral order of remand, which was signed on August 7, 2013, “[was] res judicata as to the forum [,]” citing New Orleans Public Service, Inc. v. Majoue, 802 F.2d 166 (5th Cir.1986). I agree that the cited case stands for that rule of law, but 28 U.S.C. § 1447(c) provides that “[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.” (Emphasis added.) If an order of remand was required in this matter, Alan Kite’s argument that the trial court could not proceed until receipt of the written order of remand, would have merit. In fact, counsel for Mr. Kite and Kite Bros. L.L.C. conceded as much at one of the oral arguments in this matter when he acknowledged that the federal judge could have changed her mind anytime between her oral order of August 1, 2013, and the filing of her written order of August 7, 2013, in state court on August 19, 2013.
Still, while I disagree with the majority opinion analysis on this issue, I find that it reached the correct result. The federal district court concluded that Alan Kite’s attempted removal was untimely filed under 11 U.S.C. § 9027(a)(2). That being the case, the state trial court never lost jurisdiction. See generally Motion v. Lockheed Martin Corp., 97-204 (La.App. 4 Cir. 3/19/97), 692 So.2d 6. Because it never lost jurisdiction, the trial court could have proceeded with the trial on August 1, 2013, without pursuing a federal court remand. Therefore, the fact that the trial court proceeded with the trial before the filing of the remand order in the state |4court records did not affect its jurisdiction, and the ultimate result of the trial is not null and void as argued by Alan Kite.
In fact, but for the untimeliness of the attempt at removal, I would have found merit in the first assignment of error and remanded this matter for a new trial. Although the trial court saw fit to communicate with the federal court and received immediate relief for Mr. Kite and Kite Bros. L.L.C., I do not find that an “emergency telephone hearing” was made necessary by the filing of the removal action. This matter has been pending since 2006, and the action on behalf of Alan Kite was simply another of the many trial tactics that had been effected over the years by both sides in this litigation. However, as pointed out in the majority opinion, when he untimely filed for removal, “Alan acted at his own peril when he chose to let the trial proceed in his absence.”