JEAN AGENOR AND MARIE TOUSSANT

VERSUS

CHRISTY SUAREZ, PROGRESSIVE INSURANCE COMPANY AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

NO. 23-CA-488

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 743-616, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

April 24, 2024

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and Timothy S. Marcel

<u>**VACATED, REMANDED WITH INSTRUCTIONS**</u>
    **TSM**
    **MEJ**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
CHRISTY SUAREZ AND PROGRESSIVE SECURITY INSURANCE
COMPANY
David A. Strauss
Rachel M. Anderson

COUNSEL FOR PLAINTIFF/APPELLEE,
JEAN AGENOR
Susanne Jernigan
Lawrence J. Centola, III

**MARCEL, J.**

In this case arising from an October, 2013 automobile rear-end collision, defendants Christy Suarez and Progressive Insurance Company appeal a judgment of the trial court denying their motion for costs pursuant to La. C.C.P. art. 970 and granting plaintiff Jean Agenor's motion for costs. For the following reasons, we vacate the judgment of the trial court and remand the matter for further proceedings.

BACKGROUND

Plaintiff Jean Agenor filed a petition for damages on October 22, 2014, seeking recovery for damages relating to an October 24, 2013 automobile accident. In that petition, Mr. Agenor alleged his automobile was rear-ended by a vehicle owned and operated by Ms. Suarez and insured by Progressive Insurance Company. He sought recovery of an unspecified amount of damages for himself for past, present, and future pain and suffering, mental anguish, personal disabilities, medical expenses, and lost wages.

On August 17, 2016, pursuant to Louisiana Code of Civil Procedure article 970, defendants sent plaintiff an Offer of Judgment in the amount of $75,000.00, exclusive of costs and interests, but inclusive of attorney fees, to settle his claims. Mr. Agenor did not accept this offer.

After extensive discovery and delay, the matter proceeded to a three-day trial in June, 2022. At the conclusion of the trial, the jury awarded Mr. Agenor $12,500.00 in damages for past pain and suffering and past medical expenses. The jury made no award of damages for future pain and suffering, loss of enjoyment of life, or future medical expenses. Judgment was rendered against the defendants in this amount on July 12, 2022 with an express reservation of defendants' rights to file a motion to recover costs under article 970 relative to their offer of judgment.

1

Defendants did file a Motion to Tax Costs under La. C.C.P. art 970 on February 10, 2023, seeking $53,253.32 in costs because the amount plaintiff obtained in the final judgment, $12,500.00, was more than twenty-five percent less than the amount offered, $75,000.00.[1] Plaintiff filed a memorandum in opposition to many of the costs enumerated by defendants, and also filed his own Motion to Tax Costs pursuant to La. C.C.P. art. 1920 seeking a total of $18,704.67.[2]

These motions were heard by the trial court on August 3, 2023. The record reflects that arguments were conducted off the record in chambers. Subsequently, the trial court issued a written judgment denying defendant's motion and granting plaintiff's motion.[3] Defendants' timely appeal followed.

On appeal, Defendants argue that the trial court legally erred and abused its discretion in denying their Motion to Tax Costs pursuant to La. C.C.P. art. 970. We consider the merits of this argument in our discussion below.

DISCUSSION

It is well understood that the trial court has great discretion in the award of costs and a trial court's assessment of costs can be reversed only upon a showing of abuse of discretion. *Carcamo v. Raw Bar, Inc.*, 12-294, (La. App. 5 Cir. 11/27/12), 105 So.3d 936, 939. However, if the trial court's decision was based on its erroneous interpretation or application of law, rather than on a valid exercise of discretion, its decision is not entitled to deference by the reviewing court. *Reich,*

---

[1] Defendants supported this motion with an memorandum itemizing these costs: $24,697.62 for court costs/service fees, $438.50 for interpreter fees, $5,269.00 for deposition transcripts, $17,410.00 for expert fees, $2,849.83 for copying and exhibits, $114.00 for trial related costs, and $2,474.37 for other costs including medical records and transcript fees. Exhibits attached to the memorandum include a copy of the August 17, 2016 offer as well as ledgers, bills, receipts, and other documents supporting the enumerated costs.

[2] Plaintiff's costs, as enumerated in his memorandum supporting the motion, included: $5,573.16 for clerk and sheriff's expenses, $6,000.00 for expert witness fees, $2,550.00 for trial translator costs, $255.71 for medical records, and $4,325.80 for deposition costs. Invoices and other documents supporting these costs were attached as exhibits to the memorandum.

[3] This judgment was issued on August 8, 2023, but was subsequently amended on March 21, 2024 to correct deficiencies in the decretal language.

*Album & Plunkett, L.L.C. v. Mugnier*, 14-339, (La. App. 5 Cir. 12/22/21), 334 So.3d 986, 990.

Appellants argue the trial court not only abused its discretion but also legally erred in failing to apply La. C.C.P. art. 970 even though all of the statute's requirements were met. What article 970 requires is a question of law. Appellate review regarding questions of law is simply a review of whether the trial court was legally correct or incorrect. *Anderson v. Dean*, 22-233, (La. App. 5 Cir. 7/25/22), 346 So.3d 356, 364.

The starting point for the interpretation of any statute is the language of the statute itself. *Dejoie v. Medley*, 08-2223, (La. 5/5/09), 9 So.3d 826, 829; *In re Med. Review Panel Proceedings of Glover*, 17-201, (La. App. 5 Cir. 10/25/17), 229 So.3d 655, 661. When a statute is clear and unambiguous and its application does not lead to absurd consequences, the provision must be applied as written, with no further interpretation made in search of the legislature's intent. *Auricchio v. Harriston*, 20-1167, (La. 10/10/21), 332 So.3d 660, 662. Additionally, laws pertaining to the same subject matter must be interpreted in *pari materia*, or in reference to each other. *Pierce Foundations, Inc. v. Jaroy Const., Inc.*, 15-785, (La. 5/3/16), 190 So.3d 298, 303.

In general, award of costs in litigation is governed by Louisiana Code of Civil Procedure article 1920, which states:

> Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
>
> *Except as otherwise provided by law*, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

(Emphasis supplied.)

Within this second clause is the basis for the trial court's broad discretion in awarding costs; however, as the language "[e]xcept as otherwise provided by law"

makes clear, there are exceptions to this broad discretion. Article 970 is one such exception.

Article 970 governs motions on judgment on offers of judgment. Relevant here is part C of the article, which states:

> C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree *must* pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, *as fixed by the court*.

(Emphasis supplied.)

From this language, we observe first that the inclusion of the word "must" indicates that application of Article 970 is mandatory in those situations where the stated conditions are met. Parties do not dispute that the conditions have been met in this case: defendants made an offer of $75,000.00 expressly pursuant to La. C.C.P. art. 970 that plaintiff did not accept, and plaintiff obtained a final judgment of $12,500.00 which is at least twenty-five percent less than the amount offered. Because the language of the statute requires mandatory application in those instances when the conditions have been met, we find the trial court legally erred in denying defendants' motion to fix costs. However, that is not the end of the analysis.

As has been previously observed, the offer of judgment rule set forth in La. C.C.P. 970 is punitive in nature. *Lee v. Louisiana Bd. of Trustees for State Colleges*, 17-1432, (La. App. 1 Cir. 3/13/19), 275 So.3d 15. Its function is to compensate the rejected offeror who is forced to incur greater trial litigation cost that could have been avoided if the offeree had not acted unreasonably in rejecting the offer. *Id*. Statutes that authorize the imposition of a penalty are to be strictly construed. *Id*.; *Suprun v. Louisiana Farm Bureau Mut. Ins. Co.*, 09-1555, (La. App. 1 Cir. 4/30/10), 40 So.3d 261, 266.

Examining further the language of La. C.C.P. art. 970(C), while the word "must" indicates that application of the rule is mandatory in situations where the conditions have been met, the language "as fixed by the court" indicates an intent to leave the amount of the costs fixed to the trial court's discretion. *See Edwards v. Daugherty*, 98-635, (La. App. 3 Cir. 6/9/99), 736 So.2d 345, 351, *writ denied*, 99-2034 (La. 9/17/99), 747 So.2d 568, (also noting, "[t]he trial court's award of costs [pursuant to La. C.C.P. art. 970] is not without boundary: the particular cost must be reasonable, necessary, and not excessive.") While the trial court may legally err in denying a La. C.C.P. art. 970 motion where the conditions have been met because the statute mandates some nonzero award of costs to the defendant-offerors, the amount of those costs remains within the broad discretion of the trial court.

Accordingly, and for the foregoing reasons, the judgment of the trial court is vacated. We remand this matter to the trial court with instructions to reset the hearing on parties' motions for costs and conduct further proceedings consistent with this judgment.

**VACATED, REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 24, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-488

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
CHRISTOPHER M. SHORT (APPELLANT)      DAVID A. STRAUSS (APPELLANT)          RACHEL M. ANDERSON (APPELLANT)
LAWRENCE J. CENTOLA, III (APPELLEE)   SUSANNE JERNIGAN (APPELLEE)

### MAILED

KRIS P. KIEFER (APPELLANT)            PAUL A. BABINEAUX (APPELLANT)
NAT G. KIEFER, JR. (APPELLANT)        ATTORNEY AT LAW
ATTORNEYS AT LAW                      935 GRAVIER STREET
1100 POYDRAS STREET                   SUITE 1250
NEW ORLEANS, LA 70130                 NEW ORLEANS, LA 70112